BAYNE *v.* RIVERSIDE STORAGE & CARTAGE CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—EVIDENCE —CAUSE OF DEATH.

Opinion evidence of two physicians that pneumonia did not result from injuries which decedent received in the course of his employment, and which were followed by his decease, contradicted by plaintiff's experts who gave a contrary opinion, *held,* not to justify the court in reversing the finding of the industrial accident board awarding compensation.

Certiorari by the Riverside Storage & Cartage Company and Standard Accident Insurance Company to the industrial accident board to review a finding of the board awarding compensation to Lillian Bayne for the death of her husband, Harry Bayne. Submitted April 29, 1914. (Docket No. 158.) Affirmed July 24, 1914.

*Keena, Lightner & Oxtoby,* for appellants.

*Frank C. Sibley,* for claimant and appellee.

OSTRANDER, J. Claimant's intestate, an employee of the Riverside Storage & Cartage Company, died September 9, 1913; the cause of death being pneumonia. Whether the pneumonia was caused by an accident arising out of and in the course of decedent's employment was a question of fact, presented first to a board of arbitration and afterwards to the commission, both of which bodies answered it in the affirmative. Claimant's decedent was apparently a strong and well man and was employed in the labor of lifting and moving household furniture and other objects. He quit work the morning of August 27, 1913, after lifting, at apparent disadvantage, a heavy article, complaining that in lifting it he had hurt his back. He went to bed, and the next day a physician was called. In five days he became delirious. On September 6th Dr. Stockwell was called and had him removed to the hospital, where he died. Dr. Stockwell testified that when he examined the man on September 6th he displayed symptoms of pneumonia of two or three days' duration, his vitality was lowered, his condition debilitated, and he was delirious.

Both claimant and respondent were of opinion that a connection between the injury and the death could be established only by the opinions of men having extra knowledge of the subject, and therefore physicians, other than the one who attended deceased, were

called and their opinions taken. Conduct of the deceased prior to the alleged injury was laid before them, it appearing that he had danced on a boat on the evening of August 24, 1913, had become heated, and complained of being chilled; that on August 25th and 26th he had worked as usual, making no complaints, had lifted and carried a heavy object in the afternoon of August 26th, and had complained that in setting it down he "must have kinked his back," and he said, on the morning of August 27th, that the jar of the wagon hurt his back when it crossed the street car track. Dr. Stockwell and Dr. Hitchcock testified there was no connection between the alleged injury and the pneumonia. Other physicians were of a contrary opinion, asserting the pneumonia to be directly caused by the injury. The case put by the plaintiff in certiorari, namely, that the employer is not liable to his employee for the consequences of disease superinduced by a physical condition, the result of the labors of the employment, is not the case before us. There is before us opinion evidence, disputed it is true, that the direct cause of the pneumonia was the hurt or strain of the back suffered by deceased August 27th. We do not understand it to be contended that, if the injury directly caused the cause of death, the employer would not be liable. Assuming that the court would have the right to brush aside wholly improbable expert testimony or correct the commission for not doing so, we do not feel warranted in saying that the opinion evidence favorable to claimant is wholly improbable. There is therefore a dispute of fact, which the commission has determined.

We find no error.

MCALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.