PATRICK CROWLEY'S CASE.

Middlesex.    January 19, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act.    Proximate Cause.*

Where in a claim under the workmen's compensation act against a city that had accepted the provisions of St. 1913, c. 807, the evidence warranted findings that the employee had "a pre-existing constitutional disease, known as syphilis," which being dormant left unimpaired his ability to perform certain arduous work for which he was employed, and that by reason of an accident arising out of and in the course of his employment his nervous system suffered a shock sufficiently severe to aggravate and accelerate the consequences of this condition until general paralysis and insanity resulted, depriving him of all capacity for work in the future, it was *held,* that an award rightly was made to him of com-

———

* Ordered by *Sanderson,* J.

pensation for total incapacity under the provisions of St. 1911, c. 751, Part II, § 9, as amended by St. 1914, c. 708, § 4.

BRALEY, J. The city contends that no causal connection between the employee's injuries and his general condition of paresis, rendering him insane and requiring his commitment to an asylum, is shown by the record, and therefore that the decree should be reversed. *McNicol's Case*, 215 Mass. 497.

But the material evidence before the arbitration committee submitted without the introduction of further testimony to the Industrial Accident Board upon review, warranted the findings, that the employee had "a pre-existing constitutional disease, known as syphilis," which, being dormant, left his ability to perform the arduous work for which he was hired unimpaired, and that, because of the nature of the accident arising out of and in the course of employment, his nervous system suffered a shock sufficiently severe to aggravate and accelerate this condition, until general paralysis or insanity resulted depriving him of all capacity for work in the future.

The statute prescribes no standard of fitness to which the employee must conform, and compensation is not based on any implied warranty of perfect health or of immunity from latent and unknown tendencies to disease which may develop into positive ailments if incited to activity through any cause originating in the performance of the work for which he is hired. What the Legislature might have said is one thing; what it has said is quite another thing; and in the application of the statute the cause of partial or total incapacity may spring from and be attributable to the injury just as much where undeveloped and dangerous physical conditions are set in motion producing such result, as where it follows directly from dislocations or dismemberments or from internal organic changes capable of being exactly located. *Madden's Case*, 222 Mass. 487.

The findings, having been justified, are conclusive, and the requests * were all properly denied. *Pigeon's Case*, 216 Mass. 51. *Sponatski's Case*, 220 Mass. 526.

---

* The findings requested by the city included the following, the others being of like character:

"2. Upon all the evidence the board should find that the injuries occurring

While not disclosed by the record, we assume that the city has accepted the provisions of St. 1913, c. 807, so extending St. 1911, c. 751, and acts in amendment thereof as to include workmen, laborers and mechanics in the service of the Commonwealth, a county, city, or town, or district having the power of taxation.

Compensation for total incapacity as provided in St. 1911, c. 751, Part II, § 9, as amended by St. 1914, c. 708, § 4, having been properly awarded, the decree * should be affirmed.

*So ordered.*

. *J. J. Hennessy*, for the defendant.
*E. J. Tierney*, for the plaintiff.

---

at the time of the accident to Patrick Crowley did not produce his present condition of general paralysis."

"10. Upon all the evidence the board must find that the present disability of the said Patrick Crowley is the immediate result of an underlying specific disease and that the accident and consequent injuries did not contribute to the producing of general paralysis.

"11. The board must find upon all the evidence that general paralysis was bound to occur to Patrick Crowley if the accident and injuries had never happened."

* Of the Superior Court made by *Brown*, J., affirming the decision of the Industrial Accident Board.