BELL v. HAYES-IONIA CO.

1. MASTER AND SERVANT—COMPENSATION—ACCIDENT.

In lifting a window that stuck claimant caused a hernia, which he afterwards aggravated by lifting automobile bodies in the course of his employment. An operation was performed, and his condition became better. There was evidence that hernia is a disease and does not result from an accident; also, that claimant had suffered pain in the groin before. *Held*, that the presence of weakness or pain preceding the injury was not conclusive of defendant's

contention that the hernia resulted from disease conditions.[1]

2. SAME—EVIDENCE—APPEAL AND ERROR—CERTIORARI—INDUSTRIAL ACCIDENT BOARD.

In certiorari to the Industrial Accident Board to review an award of compensation for hernia, the exclusion of testimony which could not have substantially affected the result did not require a reversal of the judgment or award.

3. SAME—REVIEW OF FINDINGS—JURISDICTION—ESSENTIALS.

The finding of the board that there was an accident is conclusive on the court, if there were facts shown to support it; the legal conclusions, based upon findings of fact are subject to the supervision of the court, and are not conclusive.

Certiorari to the Industrial Accident Board. Submitted April 10, 1916. (Docket No. 45.) Decided June 1, 1916.

Josiah V. Bell presented his claim for compensation against the Hayes-Ionia Company and the Michigan Workmen's Mutual Insurance Company for injuries received while in first defendant's employ. From an order awarding compensation, defendants bring certiorari. Affirmed.

*Beaumont, Smith & Harris,* for appellants.

*R. A. Colwell,* for appellee.

KUHN, J. The claimant has been awarded compensation under Act No. 10, Extra Session 1912 (2 Comp. Laws 1915, § 5423 *et seq.*). The award was made in the first instance by a committee of arbitration, and was approved by the Industrial Accident Board, and that decision is brought to this court by certiorari, for a review of the findings.

---

[1] As to whether hernia is an accident or personal injury within the meaning of the workmen's compensation act, see comprehensive note in L. R. A. 1916A, 365.

For authorities on workmen's compensation acts, generally, see note in L. R. A. 1916A, 23.

The substance of the testimony which bears on the alleged accident is that the claimant was employed by the respondent in work on automobile bodies which required frequent lifting of them; that on May 29, 1914, the window of the room where he was working had been put down during a storm, and had swollen enough to make it stick; after the storm had ceased Bell put it up again, and it required considerable exertion. He testified:

That after lifting the window he "felt something come down that felt quite painful"; that "when I felt the pain after lifting the window I went to the toilet, and found a lump there. * * * The lump was about like an egg. It was on my right groin. I never noticed the lump before."

This happened at 4 o'clock. He continued to work, lifting bodies, until 5:30 o'clock, closing time. On his way home he felt faint, and complained to his wife of an inclination to vomit. When asked whether he noticed any condition that made him think he had hernia, he said:

"It came down Friday night. I got it back Saturday, and Sunday it stayed in place. On Monday when I went to work it came out again."

He did not work Saturday and Sunday, but returned to his usual work on Monday, and suffered pain all day. When he reached home that night, the doctor was called, and after some effort reduced the hernia. An operation proved necessary, and was performed, and the claimant was disabled for ten weeks. Compensation was awarded him for that period at $6.92 per week, in addition to medical and hospital expenses for three weeks, the period of his confinement.

Among the several points relied upon by respondents for disallowance of the claim the one most extensively discussed is that the injury did not result from an accident. The argument goes upon the theory

that a hernia is the result, "not of a single fortuitous event, but either of the anatomical defect of the claimant or of the long-continued lifting for a number of months"; that hernia is the result of a very gradual process; that it is not an accident, but a disease. Medical authorities are quoted from, and the testimony of expert witnesses presented, to substantiate the theory. But, whether this theory is correct or not, the argument is disposed of by the decision in the recent case of *Robbins* v. *Engine Co.*, 191 Mich. 122 (157 N. W. 437).

There is evidence that the claimant felt a pain in the groin after raising the window, and discovered a hernial protuberance immediately afterward. He continued to work, and "both lifting the window and lifting the body caused this pain. I was pulling up the window when the pain came on, and also when I lifted the body." The work on Monday, after he had "got the hernia back," caused more pain, and brought it down again, so that the physician had difficulty reducing it. It is clear that the committee and the board were justified in finding that the hernia was pushed through and made so acute by the lifting of the window as to disable the claimant. See *La Veck* v. *Parke, Davis & Co.*, 190 Mich. 604 (157 N. W. 72). Such an injury entitled the claimant to compensation. See *Skinner* v. *Accident Ass'n*, 190 Mich. 353 (157 N. W. 105) ; *Robbins* v. *Engine Co., supra.*

The respondents offered in evidence the report of Dr. Knapp, who attended the claimant, in which it was stated:

"Patient says for two or three weeks been having pain in groin, and that while closing a window at factory felt strain which in two or three days resulted in strangulated hernia."

It was presented in connection with the following testimony of Dr. Knapp:

"I would call it a perfectly fresh puncture. It was evident to me that the hernia was caused as claimed. Indications are to the effect that the act of putting up the window and lifting the body from the work bench caused the bowel to go through and form a sac. * * * I believe, as near as I can tell, he had no rupture before, and he had it afterwards. The preponderance of evidence seems to show that it came on at that time as the result of his work.

"*Mr. Smith:* Dr. Knapp, did he say anything to you about having had a pain in his side previous to this?

"*Dr. Knapp:* Afterwards I asked him how long he had had it, and he said he did not know anything about it; on Saturday he lifted the window and the body, and felt it come on him then.

"*Mr. Smith:* You reported to the insurance company, 'Patient says for two or three weeks been having pain in groin'; is that so, Mr. Bell?

"*Mr. Bell:* I don't remember saying that.

"*Mr. Smith:* The report was made June 9th; where do you suppose the doctor got that idea?

"*Mr. Bell:* I might have told him that. I have tried to be honorable and truthful, and always have. I don't remember saying that, although I might have said it at that time.

"*Mr. Smith:* How do you account for this report?

"*Dr. Knapp:* He must have told me that he had had previous pain there, or I would not have made such report. It might be that this condition arose before if that is the same pain, or it might have been a pain in the abdomen lower down."

The board rejected the report. This evidence might properly have been received, since it contradicted a part of Dr. Knapp's testimony. But the error is not of sufficient importance to invalidate the findings. The presence of a structural weakness or actual pain, antedating the injury alleged, in the region where the injury occurred, does not preclude a recovery if the injury itself is distinct and the result of a particular strain causing a sudden protrusion of the intestine. As in *Robbins* v. *Engine Co., supra,* there was testi-

mony to support a finding that the claimant made a distinct and unusual exertion, that he immediately felt unusual pain, and presently discovered a protrusion through the abdominal wall about the size of an egg. And it may be appropriately said here also that:

"It is assumed that it was the first time the sac had been forced through the abdominal wall. If it is also assumed that there was a certain lack of physical integrity in the parts where the injury was manifested, still I think claimant may have compensation for the injury he suffered." *Robbins* v. *Engine Co., supra.*

See, also, *La Veck* v. *Parke, Davis & Co., supra,* and recent decisions of the Massachusetts court, *Madden's Case,* 222 Mass. 487 (111 N. E. 379), and *Crowley's Case,* 223 Mass. 288 (111 N. E. 786), for an application of the same principle. The rejected evidence could be given its due weight and accorded belief without requiring a finding of no accidental injury on May 29th resulting from the opening of the window.

Complaint is made of the action of the board in excluding the extracts from medical text-books offered by the respondents as evidence of the true nature of hernia. As the only object of offering such evidence could have been to prove that hernia is not an accidental injury, in view of what has been said on this subject it is unnecessary to discuss this question.

It is contended that the finding of the board that there was an accident is not conclusive on this court, under a correct construction of the provision that the "findings of fact made by the Industrial Accident Board acting within its powers, shall, in the absence of fraud, be conclusive." Act No. 10, Extra Session 1912, § 12, pt. 3 (2 Comp. Laws 1915, § 5465). Fraud is not averred or shown. But respondents' counsel, treating this as a finding of fact, contend that the board acts within its power only when it deals with an accident to an employee arising out of the employ-

ment, and that, since such facts (viz., that the injury was an accident, the injured person an employee, and the accident one arising out of the employment) are jurisdictional, the board's finding of them is not conclusive on this court.

"Unless it has before it an accidental injury arising out of and in the course of the employment, it is beyond its power and authority."

If counsel mean that the board's findings of fact are conclusive only when the board is dealing with an accidental injury arising in the course of the employment, it is equivalent to saying that such findings of fact are conclusive only when made after the facts justifying an award have already been established. From this point of view it is difficult to see what facts are to be found or what the purpose of the findings could be. Manifestly something else was intended by the words "acting within its powers."

Undoubtedly the board has no jurisdiction to *make an award* until it has decided upon the facts found by it that the injured person was an employee, that the injury was the result of an accident, and that the accident arose in the course of the employment, and counsel doubtless means to assert only that the conclusions of the board on these points are not binding on this court. Perhaps it is sufficient to say that, since we agree with the conclusion of the board on these points, any discussion of the question is unnecessary. However, an apparent confusion in the recent decisions deserves some attention.

While the board's findings of fact are undoubtedly conclusive on this court (see *Rayner* v. *Furniture Co.,* 180 Mich. 168 [146 N. W. 665, L. R. A. 1916A, 22, Am. & Eng. Ann. Cas. 1916A, 386]; *Lindsteadt* v. *Lumber Co.,* 190 Mich. 451 [157 N. W. 64]), it is clear that the legal conclusions of the Industrial Accident Board, when based upon findings of fact, are subject to the su-

pervision of this court. See recent cases, *Bischoff* v. *Foundry Co.*, 190 Mich. 229 (157 N. W. 34) ; *Robbins* v. *Engine Co.*, *supra.* If it is clear upon the facts found by the board that, as a legal conclusion, an injury was not accidental, or that it did not arise in the course of the employment, a contrary conclusion awarding compensation will not be allowed to stand. The act does not make the board's legal conclusions binding on this court. It was said in *La Veck* v. *Parke, Davis & Co.*, *supra,* that "where there is testimony upon which the accident board can base its conclusion, we will not review its action," and cases were cited to support this rule. But we were referring them to a conclusion of fact. In *Redfield* v. *Insurance Co.*, 183 Mich. 633 (150 N. W. 362), the findings of the board which were treated as final when supported by any evidence were matters purely of fact. In *Bayne* v. *Cartage Co.*, 181 Mich. 378 (148 N. W. 412), the question whether the pneumonia which caused the death was caused by a particular straining was one purely of fact, and, since the testimony was conflicting, it was a matter for the determination of the Accident Board. It was not intended to hold that whether that which caused the pneumonia was an accident, and whether the accident, if it was one, arose in the course of the employment, were purely questions of fact for the board.

Since it has not been shown that the board exceeded its power or acted fraudulently, we must conclude that the hernia was caused by the strain on the 29th of May, and the order allowing compensation is affirmed.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.