ELIZABETH HARTZ *vs.* THE HARTFORD FAIENCE COM-
PANY (THE HARTFORD FAIENCE COMPANY'S APPEAL
FROM COMPENSATION COMMISSIONER).

First Judicial District, Hartford, May Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The finding of a Compensation Commissioner should state only the
facts found—omitting those that are purely evidential—, the
claims of law made, and the rulings on evidence excepted to; con-
forming in that respect to the finding required of the Superior
Court by its rules and practice.

Unless the facts in evidence are practically undisputed, an appellate
court is not justified in assuming that the tribunal whose decision
is under review found certain facts, in the absence of any finding
to that effect in the record.

A workman who departs temporarily from his usual duty, to perform
an act necessary to be done by some one for his master, does not
cease to act in the course of his employment while so engaged.
To hold otherwise would punish energy and helpfulness in employ-
ees and prove detrimental to industry.

A shipping clerk, whose ordinary duties were to inspect and record the
weight of goods to be shipped, suffered injuries consisting of a
strain occasioned by lifting or attempting to lift a barrel. *Held*
that such injuries arose out of and in the course of his employment.

The fact that the physical condition of the employee may have rendered
him more susceptible to the injury he sustained, will not preclude
him from obtaining compensation under our Act, provided his
employment was the immediate occasion of the injury.

The acceleration or aggravation of a pre-existing ailment may be a per-
sonal injury within our Act. The test to be applied is did the
employment develop the injury in any material degree.

Argued May 2d—decided June 2d, 1916.

APPEAL by the claimant from a judgment of the
Superior Court in Hartford County, *Tuttle, J.*, which
set aside the finding and award of the Compensation
Commissioner for the first district in favor of the claim-
ant. *Error; judgment directed dismissing the appeal from
the Compensation Commissioner.*

Hartz *v.* Hartford Faience Co.

*Francis W. Cole* and *Thomas Hewes*, for the appellant (claimant).

*DeLancey S. Pelgrift*, for the appellee (respondent).

WHEELER, J. The Compensation Commissioner found that Mr. Hartz was in the employ of the defendant on November 20th, 1914, as a shipping clerk, and during that day pursued his regular duties and suffered a personal injury consisting of a strain occasioned by lifting or attempting to lift a barrel, and that the injury arose out of and in the course of his employment.

The finding of the commissioner recites at length the evidence, but fails to state the facts leading up to, attending, and following the injury.

The finding of a commissioner should not contain excerpts from evidence and purely evidential facts, but should merely state the facts found, the claims of law made, and the rulings on evidence excepted to; in short, it should conform to the finding required of the Superior Court by the Rules of Court and the practice prevailing in that court.

However, the memorandum of decision filed by the trial judge is made a part of the finding, and from that it appears that the trial judge properly held as conclusive the finding of the commissioner that the contributing cause of death consisted of a strain caused by lifting or attempting to lift a barrel on November 20th. But the memorandum goes on to say that this fact must be taken in connection with the subordinate facts in determining whether the injury arose out of or in the course of the employment; and it assumes that the commissioner must have found that Mr. Hartz's duties were confined solely to clerical and inspecting work and involved no lifting whatever, and that his only duty in regard to the barrel was to weigh it and that

he was told not to move it because he was not strong enough, and that the defendant had there plenty of men present whose duty it was to do the lifting.

The respondent's testimony related to the lifting of a barrel on the 17th; that of the claimant to the lifting of a barrel on the 20th. The assumption of the trial court is made upon the theory that the commissioner must have found the circumstances surrounding the lifting of the barrel as related by the respondent's witnesses as occurring on the 17th, instead of as related by the claimant's witnesses on the 20th; that is, that the witnesses were telling the same incident as having occurred on different days. Manifestly this may not have been so. There was clear evidence of two incidents on two different days. The evidence of what took place on these two days was conflicting, and the assumption made by the trial judge was unjustified.

Unless the facts in evidence are practically undisputed, an appellate tribunal cannot, with fairness to the rights of the parties, assume a finding of facts as made by the tribunal under review when there is no finding of record of the tribunal of these facts.

The memorandum does not find these facts expressly; if it can be construed as making a finding of the facts of its assumption, our consideration of the evidence would not satisfy us that the commissioner erred in not finding that Mr. Hartz was told not to lift the barrel and that there were plenty of men around to do it. The commissioner might fairly have found from the evidence that Mr. Hartz was an ambitious shipping clerk of exceptional energy, and, as such, that to facilitate his employer's business and the performance of his own work he lifted this barrel. If his injury happened in this way it is not an unreasonable conclusion that it arose out of and in the course of his employment. What he was engaged in doing was for his master's

benefit and to push on his work. If a workman depart temporarily from his usual vocation to perform some act necessary to be done by some one for his master, he does not cease to be acting in the course of his employment. He is then acting for his master, not for himself.

A rule of law which put such an employee outside his usual course of employment and so deprived him of his right to compensation for an injury suffered, would punish energy and loyalty and helpfulness and promote sloth and inactivity in employees. It would certainly prove detrimental to industry, and such a spirit of disregard of the master's interest, if carried into all of the work, would in time cripple the industry. Besides, the rule would be impractical. One trade must occasionally overlap another if the work is to go on expeditiously and productively. *Greer* v. *Lindsay Thompson, Ltd.*, 5 B. W. C. C. 586, 46 Irish Law Times, 89; *Miner* v. *Franklin County Telephone Co.*, 83 Vt. 311, 75 Atl. 653; *Scott* v. *Payne Bros.*, 85 N. J. L. 446, 89 Atl. 927.

The commissioner's holding, that Mr. Hartz's injury arose out of and in the course of his employment, does not, upon this record, appear to have been erroneous as the trial court held.

The appellant presents, as its final ground of appeal, the trial court's ruling that as Mr. Hartz had had, unknown to his employer and prior to his employment, a hernia, he was not, as matter of law, entitled to compensation as a result of a strain from lifting, which aggravated his condition and led to his death.

The trial judge, in his memorandum of decision, does discuss this question, but as we understand his memorandum he does not decide the immediate question but expressly limits his ruling, denying compensation, to an employee with a pre-existing hernia unknown to

his employer, and to an employee who has assumed risks outside the scope of his employment and suffered an injury thereby. This places the ruling upon the ground that Mr. Hartz was injured while acting outside the scope of his employment; if so, obviously there could be no recovery whether the hernia originated in the employment or prior to it. Lest our interpretation of the ruling of the trial court may be a too restricted one, we will briefly discuss the precise question presented by the appellant.

By the terms of our Compensation Act, compensation is not made to depend upon the condition of health of the employee, or upon his freedom from liability to injury through a constitutional weakness or latent tendency. It is awarded for a personal injury "arising out of and in the course of his employment," and for an injury which is a hazard of that employment. As Chief Justice Rugg points out in *Madden's Case*, 222 Mass. 487, 494, 111 N. E. 382, "It is the hazard of the employment acting upon the particular employee in his condition of health and not what that hazard would be if acting upon a healthy employee or upon the average employee." Whatever predisposing physical condition may exist, if the employment is the immediate occasion of the injury, it arises out of the employment because it develops within it.

When the exertion of the employment acts upon the weakened condition of the body of the employee, or upon an employee predisposed to suffer injury, in such way that a personal injury results, the injury must be said to arise out of the employment. An employee may be suffering from heart disease, aneurism, hernia, as was Mr. Hartz, or other ailment, and the exertion of the employment may develop his condition in such a manner that it becomes a personal injury. The employee is then entitled to recover for all consequences

attributable to the injury. The acceleration or aggravation of a pre-existing ailment may therefore be a personal injury within our Act; and the test may well be that suggested by Lord Loreburn in *Clover, Clayton & Co.* v. *Hughes*, L. R. (1910) App. Cas. 242: Did the ailment develop the injury, or did the employment develop it in any material degree? If it did, the injury arose out of the employment. *Ismay, Imrie & Co.* v. *Williamson*, L. R. (1908) App. Cas. 437; L. R. A. 1916A, p. 293 note; *Madden's Case*, 222 Mass. 487, 111 N. E. 382; *Crowley's Case*, 223 Mass. 288, 111 N. E. 786; *Brightman's Case*, 220 Mass. 17, 20, 107 N. E. 528; *Voorhees* v. *Schoonmaker Co.*, 86 N. J. L. 500, 92 Atl. 280. A similar rule prevails under the common law. *Freeman* v. *Mercantile Mutual Accident Asso.*, 156 Mass. 351, 30 N. E. 1013; *Hooper* v. *Standard Life & Accident Ins. Co.*, 156 Mo. App. 209, 148 S. W. 116.

There is error, the judgment is set aside and the Superior Court directed to render judgment dismissing the appeal from the Compensation Commissioner.

In this opinion the other judges concurred, except THAYER, J., who dissented.