KUTSCHMAR *v.* BRIGGS MANUFACTURING CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—"HERNIA"—"ACCIDENT."

An employee does not receive an accidental injury entitling him to compensation under the workmen's compensation act (2 Comp. Laws 1915, § 5423 *et seq.*), where he sustains a hernia while lifting an iron bar which, in the ordinary course of his employment, he is required to lift many times a day, and without the intervention of any untoward or accidental happening.[1]

Certiorari to Industrial Accident Board. Submitted April 6, 1917. (Docket No. 78.) Decided July 26, 1917.

John Kutschmar presented his claim for compensation against the Briggs Manufacturing Company for injuries received in defendant's employ. From an order awarding compensation, defendant and the Ætna Life Insurance Company, insurer, bring certiorari. Reversed.

[1] On construction and effect of workmen's compensation acts, generally, see comprehensive note in L. R. A. 1916A, 23.

*Douglas, Eaman & Barbour,* for appellants.
*Crimmins & Echlin,* for appellee.

On April 10, 1914, claimant was employed by respondent, the Briggs Manufacturing Company, in making automobile cushions. In the course of such employment it was his duty to lift an iron beam about 3 feet long and weighing between 30 and 90 pounds. Claimant testified:

"I lifted this beam often, about 90 or 100 times a day. This time I say I was hurt I did not fall or stumble when I lifted the beam. I picked it right up, and something snapped in my side. I did not fall or stumble. There was nothing unusual about it. The beam was about 1½ inches thick, 3 feet long and weighs about 90 pounds."

Plaintiff claimed that at the time of his injury he told one Hovey Leases about it. Leases was a subforeman, or straw boss, who acted as such under Mr. Overmyer, who was foreman of the department. From the 10th of April to the 17th of August, 1914, plaintiff worked at irregular intervals and in all about five weeks. On August 17th, he went to Harper Hospital, where an operation was performed, as a result of which his rupture was cured. He returned to work some time in September. On October 2, 1914, he made the following statement:

"Briggs Mfg. Co. *v.* John Kutschmar.
"Detroit, Michigan, Oct. 2, 1914.
"Statement of J. Kutschmar of 705 Grandy avenue, a mouldman employed by the Briggs Manufacturing Company: I am 20 years of age and have been employed by the Briggs Manufacturing Company for the past 3 or 4 years. On April 10th, which was Good Friday, while working in the trimming department, I was lifting an iron beam onto a mould which weighed about 90 pounds. I felt a snap in my right side, and was immediately seized with a severe pain, and it was necessary for my partner to finish the work. That was between 4 and 5 p. m., and I stayed the rest of the day

and returned to work the next morning, but was unable to work and had to go home, and then for the next couple of months I laid about the house, unable to do any work until about the 1st of July, when I returned to work with the aid of a truss, but the rupture continued to give me trouble, and I finally decided to be operated upon. I made arrangements to go to Harper Hospital, where the operation was performed on August 17th by Dr. Angus McLean. I was confined to the hospital for two weeks, and my hospital and physician's bill amounted to $49.50. I still owe $15 of the expense. I do not know at this time when I will be able to return to work, probably not until the first of the year. I did not report the injury to the Briggs Manufacturing Company, for at that time I did not know that they were supposed to take care of such cases as mine. I first reported it to them on September 28th to a man by the name of Tom. He is the man in charge of the employment office. I attended St. Stanislaus Parochial School, located at the corner of Dubois and Medbury, and when I left I was in the A—4th grade. I saw the notice posted in the plant regarding the compensation law, but I thought it only applied to death cases and cases of severe injury. I read the above statement and same is true in every particular.

"JOHN KUTSCHMAR."

Compensation having been refused by the respondent, the Briggs Manufacturing Company, an arbitration was had, and claimant's right to compensation was denied by the arbitration committee. On appeal to the accident board the action of the arbitration committee was reversed, and compensation was allowed in the sum of $153. Respondents review the case in this court under the following assignments of error:

"*First*, In reversing and setting aside the award of the committee on arbitration.

"*Second*, In finding that John Kutschmar had received an injury while in the employ of the Briggs Manufacturing Company, arising out of and in the course of his employment.

"*Third,* In finding that John Kutschmar complied with the provisions of the workmen's compensation act with regard to the giving to his employer of the notice of injury as required by law."

BROOKE, J. (*after stating the facts*). It is apparent from the record that the committee on arbitration denied compensation upon the ground that no notice was given to respondents by claimant under section 15, pt. 2, Act No. 10, Extra Session 1912 (2 Comp. Laws 1915, § 5445). The board in reversing the action of the arbitration committee held that claimant suffered an accident and received an injury arising out of and in the course of his employment, resulting in a hernia, that the notice claimed to have been given by the claimant to Leases was a sufficient compliance with section 15, pt. 2, of the act, and that therefore claimant was entitled to compensation.

Many authorities are collected in the brief filed on behalf of respondents, tending to show that a man occupying a position such as that held by Leases is not a proper person to whom to make report of an accident under the act. As we find it unnecessary to determine this question, we simply insert a list of cases cited, for the benefit of the profession. *McLean's Case,* 223 Mass. 342 (111 N. E. 783); *Plumley* v. *Ewart & Son,* 8 B. W. C. C. 464; *Pimm* v. *Clement Talbot,* 7 B. W. C. C. 565; *Jackson* v. *Vickers,* 5 B. W. C. C. 432; *Hancock* v. *Electric Co.,* 3 B. W. C. C. 210; *Burrell* v. *Holloway Bros.,* 4 B. W. C. C. 239.

Under the second and fourth assignments of error it is argued by counsel for appellant that the award was wholly unauthorized because the record conclusively shows that the claimant's injury was not the result of an accident. In the case of *Adams* v. *Color Works,* 182 Mich. 157 (148 N. W. 485, L. R. A. 1916A, 283, Am. & Eng. Ann. Cas. 1916D, 689), this court, in an opinion by Mr. Justice STONE, very carefully

considered the provisions of our act, distinguished it from the Massachusetts act, and concluded:

"We are of opinion that in the Michigan act it was not the intention of the legislature to provide compensation for industrial or occupational diseases, but for injuries arising from accidents alone."

This conclusion is predicated in part upon the title of the act which we there said—

"Shows that the controlling words are 'providing compensation for accidental injury to or death of employees.' No compensation is contemplated except for such injuries."

An examination of the following cases will show that compensation was allowed because of some unusual, fortuitous, or unexpected happening which caused the injury and which was in essence accidental in character. *Bayne* v. *Cartage Co.*, 181 Mich. 378 (148 N. W. 412) ; *La Veck* v. *Parke, Davis & Co.*, 190 Mich. 604 (157 N. W. 72, L. R. A. 1916D, 1277) ; *Bell* v. *Hayes-Ionia Co.*, 192 Mich. 90 (158 N. W. 179). In the case at bar it conclusively appears from claimant's own testimony that he received no accidental injury. He was engaged at the moment of his injury in his usual and ordinary employment and in the usual and ordinary way. In the course of such employment it was his duty to lift the iron bar once in about every 15 minutes, about 90 or 100 times a day. We are of opinion that an employee who receives an injury in the nature of a hernia, while engaged in his usual and ordinary employment, without the intervention of any untoward or accidental happening, is not within the provisions of the compensation act, which as we have held provides compensation for *accidental* injury only.

The judgment is reversed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.