## PURITAN BED SPRING COMPANY *v.* WOLFE.

### [No. 10,279. Filed October 18, 1918.]

1. MASTER AND SERVANT.—*Workmen's Compensation.—Pre-existing Disease.*—Where an employe affected with a disease is injured under such circumstances that the act in question would entitle him to compensation if no disease were involved, and such disease is materially hastened to final culmination by the injury, an award may be had upon a showing that the injury was the result of accident. p. 333.

2. MASTER AND SERVANT.—*Workmen's Compensation.—Pre-existing Disease.*—Where an employe receives an accidental injury which in itself would entitle him to compensation, and the injury hastens to final culmination a pre-existing disease, the courts will not undertake to measure the degree of disability due respectively to the accident and to the disease, but the consequence will be attributed solely to the accident. p. 333.

3. MASTER AND SERVANT.—*Workmen's Compensation.—Pre-existing Disease.—Strangulated Hernia.—Proximate Cause.*—Where an employe afflicted with hernia lifted a bale of wire weighing about 150 pounds and thereby caused the intestine to protrude into the existing hernial sac, necessitating an operation to save his life, he was entitled to an award under the Workmen's Compensation Act, and the mere fact that his condition made him more susceptible to the injury resulting in his disability would not warrant a holding that the disease, rather than the "accident," was the proximate cause of the injury. p. 333.

4. MASTER AND SERVANT.—*Workmen's Compensation.—"Accident."*—
The word "accident" is used in the Workmen's Compensation Act
in its popular meaning, which includes any unlooked for mishap
or untoward event not expected or designed.   p. 335.

5. MASTER AND SERVANT.—*Workmen's Compensation.—Appeal.—*
*—Evidence.—Sufficiency.*—In a proceeding under the Workmen's
Compensation Act for injuries sustained by an employe in lifting
a bale of wire weighing about 150 pounds, causing a protrusion
of an intestine into an existing hernial sac and producing intes-
tinal strangulation, the evidence is reviewed and *held* sufficient to
sustain an award of the Industrial Board.   p. 335.

From the Industrial Board.

Proceeding by Albert Wolfe for compensation un-
der the Workmen's Compensation Act against the
Puritan Bed Spring Company. Appellant was
granted an award by a single member and, subse-
quently, by the full board, and the employer appeals.
*Affirmed.*

*Joseph W. Hutchinson* and *Frederick K. Werne,*
for appellant.

*E. E. McFerren,* for appellee.

HOTTEL, J.—On January 28, 1918, appellee filed
with the Industrial Board of Indiana an application
in the usual form for compensation for injuries
alleged to have been sustained by him while in appel-
lant's employ. A hearing on February 8, 1918, by
Samuel R. Artman, a member of said board, resulted
in an award in favor of appellee. Upon petition by
appellant for review, said case was heard by the full
board on March 1, 1918, with the result that a finding
and award was made by the full board substantially
the same as that made by the single member thereof.
To this award the appellant excepted, and from it
this appeal is prosecuted.

Appellant assigns as error that said award is con-

trary to law.   Under this assignment appellant challenges the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts.

The part of said finding pertinent and material to a consideration of these questions is in substance as follows:   On November 29, 1917, appellee was in the employment of appellant at an average weekly wage of $21.60.   On that date, while·engaged in the discharge of the duties of his employment, appellee lifted a bale of wire, weighing about 150 pounds, to a reel which stood about even with the appellee's shoulders.  In lifting the bale of wire appellee severely strained his body, and thereby caused a protrusion of an intestine into *an existing hernial sac or aperture*.   By reason of the strain of appellee's body at the time said intestine was impinged or held in said hernial sac, producing an immediate intestinal strangulation.   Appellant had actual knowledge of appellee's injury immediately thereafter.   On December 15, 1917, appellant executed a report of such injury to the Industrial Board, and delivered the same to its insurance carrier.   Appellant did not furnish appellee an attending physician for treatment of his injuries, nor the necessary surgical and hospital services and supplies required thereby.   The strangulation aforesaid required an immediate surgical operation in order to save appellee's life.   Appellee procured his own surgeon, Dr. Gatch of Indianapolis, to perform said operation, and a reasonable fee for his services in performing the operation and treating appellee following it and treating the first thirty days after the injury is $60.   Appellee procured his own hospital services, and supplies and

thereby incurred within the first thirty days after his injury an expense of $57.14, which he has paid. As a result of his injury the appellee was totally disabled for work continuously from the date thereof until and including January 23, 1918.

It is insisted by appellant in effect that this finding affirmatively shows that appellee's injury was not accidental, or at least fails to show that such injury was accidental. This contention is in the main based on the words of the finding which we have italicized *supra*.

Appellant concedes, and correctly so, that where an employe affected with disease receives a personal injury under such circumstances that the act in question would entitle him to compensation had there been no disease involved, and such disease is materially hastened to a final culmination by the injury, there may be an award, if it is shown that such injury was the result of accident; that in such cases the court will not undertake to measure the degree of disability due respectively to the disease and to the accident, but the consequence of the disease will be attributed solely to the accident. *Indianapolis Abattoir Co.* v. *Coleman* (1917), 65 Ind. App. 369, 117 N. E. 502, 503; *In re Bowers* (1917), 65 Ind. App. 128, 116 N. E. 842, 843.

It is insisted, however, in effect that these propositions of law cannot avail appellee for the reason that the finding here shows that he was afflicted with a disease or disabling physical condition which rendered him susceptible to the injury for which compensation was awarded, upon exposure to "some slight incident" either within or outside of the employment, and that in such cases the disease

or condition, rather than the accident, will be treated as the cause of the disability. It is argued that the finding of the board that the lifting of the wire caused the intestine to protrude into an *"existing hernial sac or aperture,"* affirmatively shows that appellee's condition, rather than the accident, was the proximate cause of the disability for which compensation was allowed, and that the mere fact that the disability occurred during his employment affords no justification for the award.

We think appellant confuses the injury and resulting disability upon which the award is predicated with the condition which made such injury or disability more likely to occur. Both said condition and the injury from which the disability resulted in this case—that is, both the hernial sac or aperture and the protrusion and strangulation of the intestine therein—might have been the result of the accident complained of, in which case we assume that liability for compensation under the act in question would not be disputed. However, under the board's finding, the condition, viz., the existence of the hernial sac, was present before the accident occurred, but the disability upon which the award is predicated resulted from the protrusion of the intestine into the said sac and the resulting intestinal strangulation which necessitated the immediate surgical operation. The board expressly finds that the protruding of the intestine into the hernial sac with the resulting strangulation was caused by the lifting of the bale of wire. This finding we think clearly brings the case within the application of the rules announced in the cases *supra*. See also *Haskell, etc., Car Co.* v. *Brown* (1917), 67 Ind. App. 178, 117 N. E. 555; *In re*

*Bowers, supra; Brightman's Case* (1914), 220 Mass. 17, 107 N. E. 527, L. R. A. 1916A 321; *Milwaukee* v. *Industrial Comm.* (1915), 160 Wis. 238, 151 N. W. 247; *LaVeck* v. *Parke-Davis Co.* (1916), 190 Mich. 604, 157 N. W. 72, L. R. A. 1916D 1277, and cases cited. Under these authorities, the mere fact that appellee's condition made him more susceptible to the particular injury which resulted in his disability furnishes no ground for holding that the disease or condition, rather than the accident, was the proximate cause of the injury upon which the allowance for disability is based.

We recognize that there is a line of compensation cases in other jurisdictions which give to the word "accident," used in the respective compensation acts, a restricted meaning which in a measure justifies appellant's contention, but the weight of authority and the better reason, we think, favors the adoption of the popular meaning of said word, which includes "any unlooked for mishap or untoward event not expected or designed." This court has given to said word the popular meaning indicated. *Haskell, etc., Car Co.* v. *Brown, supra; In re Ayers* (1917), 66 Ind. App. 458, 118 N. E. 386; *Robbins* v. *Original Gas Engine Co.* (1916), 191 Mich. 122, 157 N. W. 437.

As affecting appellant's contention that the finding is not supported by the evidence, we deem it sufficient to say generally that there was evidence to the effect that appellee had been in appellant's employ for a number of years; that in 1914 while in its employ he submitted to a surgical operation for hernia. Immediately or shortly after this operation appellee had a case of typhoid fever,

which it seems prevented the results of said surgical operation from being entirely satisfactory. It appears, however, that he went back to his old job with appellant, and according to his statement he never lost a day, and was not bothered in his work on account of hernia, but that some time in September previous to his accident he saw a lump in his side, and because of his old condition he quit work for about a week, but was not sick. He "saw the lump coming there and took it easy." After laying off he went back to his job with appellant and did the same kind of work he had been doing. On the morning of the accident he went to his work, so far as the evidence shows, in his usual health. During the progress of his work he lifted a bale of wire weighing about 150 pounds up to a reel about even with his shoulders, when he "suddenly became pained and sick and unable to work." He went home and called a doctor, who found his condition to be that indicated in the finding, *supra.* Appellant's witness Dr. Gatch testified in effect that where there is an opening or hernia sac pressure is liable to cause a protrusion; that assuming there was such an opening, and that appellee immediately before the accident lifted a dead weight of 150 pounds to a height of four feet, he would say that it was the pressure from lifting that caused the protrusion; that he would have no doubt about it. The recital of this evidence is sufficient, we think, without comment, to show that it justifies the finding of the board. For other cases supporting this conclusion, see *Sugar Valley Coal Co.* v. *Drake* (1917), 66 Ind. App. 152, 117 N. E. 937; *Bell* v. *Hayes-Ionia Co.* (1916), 192 Mich. 90, 158 N. W. 179; *Crowley's Case* (1916), 223 Mass. 288, 111 N. E. 786; *Mad-*

*den's Case* (1916), 222 Mass. 487, 111 N. E. 379, L. R. A. 1916D 1000; *Mooradjian's Case* (1918), 229 Mass. 521, 118 N. E. 951.

The award of said board is therefore affirmed, with five per cent. added as provided by §3 of the amendment of 1917 to the Workmen's Compensation Act. Acts 1917 p. 154, §3, §8020s2 Burns' Supp. 1918.

NOTE.—Reported in 120 N. E. 417. Workmen's compensation: effect of fact that pre-existing disease contributed to injury or death on right to recover, L. R. A. 1917D 110, 129.