BAYER, Respondent, v. CHICAGO, B. & Q. R. CO., Appellant.

(220 N. W. 459.)

(File No. 6138.   Opinion filed July 7, 1928.)

*Byron Clark* and *Jesse L. Root,* both of Omaha, Neb., and *E. B. Adams,* of Hot Springs, for Appellant.

*Dudley & Dudley,* of Hot Springs, and *Harold H. Lommen,* of Edgemont, for Respondent.

BURCH, P. J. This action is brought under the Federal Employers' Liability Act (45 USCA §§ 51-59; Comp. St. §§ 8657-8665) to recover $20,000 damages for injuries claimed to have been received by plaintiff while working as hostler helper in the yards of defendant railroad company, at Edgemont, S. D. The jury returned a verdict, upon which judgment was entered, in favor of plaintiff for $2,500. Defendant appeals from the judgment and order denying a new trial.

The principal question presented is the sufficiency of the evidence to support the judgment. The controlling facts are very simple. Appellant maintains coal chutes at Edgemont for use in filling engine tenders with coal. The chutes are of a type in general use by appellant at its coaling stations. When an engine is placed at the chute for coaling, a hinged steel apron is lowered to the edge of the tender, over which coal passes by gravity when released in the chutes. After the coal is discharged, the apron is raised to its upright position. This type of coal chute, when in proper working order, has counter-balancing weights, so that the apron can be raised and lowered by one man. Several months

prior to the time of the injury complained of, the apron of one of the chutes, No. 2, was struck by an engine, and its hinges bent, causing the apron to work hard, and in cold, frosty weather especially it was almost impossible for one man to lift the apron to its proper position after use. Respondent was employed in operating the chutes and for a long time had been using the chutes in such condition. In the heavy lifting required, respondent felt pains in the groin, and in time developed a complete inguinal hernia. For this injury he seeks compensation. Conceding that the chute was injured by negligently backing into it, and that, if it was negligent to use it thereafter without repairing it, appellant had full notice of its condition, and was charged with such negligence, can respondent recover?

■ An inguinal hernia is described by medical men as differing from a rupture, in that there is no lesion of the abdominal muscles, but the intestine passes through a natural opening, the inguinal canal, which in normal cases is closed at or about the time of birth by what are termed the inner and outer rings  It is claimed by appellant that, if this character of hernia develops in later life, it is because of an abnormal condition of the rings, and that this condition is in the nature of a disease, and that such injury suffered by respondent is the result of a disease, for which appellant is not liable. Appellant cites Frank v. C. M. & St. P. Ry. Co., 49 S. D. 312, 207 N. W. 89, as applicable to this case. That case arose in an action under the South Dakota Workmen's Compensation Law (Rev. Code 1919, §§ 9436-9491), which defines the word "injury," as used in that act, to mean "injury by accident arising out of and in the course of the employment." In that case the injury was held not to be an "injury by accident," because there was no mishap, or untoward and unexpected event, to which accidental injury might be traced.

In the case at bar the injury was not an injury by accident, within the commonly accepted meaning of the word "accident," for there was no mishap or untoward and unexpected event to which the accidental injury may be traced. But the federal act under which the action is brought makes appellant liable for "injury or death, resulting in whole or in part from the negligence" of any of its officers, agents, or employees, or "by reason of any defect or insufficiency due to its negligence, in its cars, engines, appliances,

machinery, track, roadbed, works, boats, wharves, or other equipment" (35 Stat. L. 65, 8 Fed. Stat. Ann. [2d Ed.] 1208; 45 USCA § 51; Comp. St. § 8657), and does not expressly confine the injury to injury by accident, as in the South Dakota act and acts of many of the states.

In applying the law, however, the federal courts have followed the law of master and servant, wherein a servant is held to have assumed all the ordinary and usual risks incident to the employment. Respondent assumed the risk incident to heavy lifting. Whether or not under this rule an injury not accidental can result from actionable negligence need not be decided. Respondent has cited no cases in which a recovery for such an injury has been allowed.

Chute No. 2 was consistently har dto work, because of bent hinges, heavy at all times, and heavier in cold frosty weather, but at no time uncertain. Respondent assumed the risk incident to operating it in that condition. The risk, so far as the strain was concerned, was no greater because the hinges were bent than if that had been their original design. The law cannot prescribe any particular type that must be used, nor with what degree of ease a chute must work. If there was any danger in using the defective chute, it does not appear in the record and no accident resulted from its use.

Appellant's employees may have been negligent in backing the engine into the apron of chute No. 2, but that did not injure respondent, and it can hardly be contended that a railroad company is negligent in employing men at hard manual labor, including lifting of heavy weights, even though the weights are unnecessarily heavy. One engaging to do such work must expect to lift. There is no evidence that the operating of the chutes, in the condition they were in, was more laborious than many other usual and necessary operations on the railroad. How, then, can it be said appellant was negligent in hiring men to operate such laborious, but not dangerous, chutes.

Respondent has not shown his injury resulted from negligence, but that it resulted from labor, which he, with full knowledge of conditions, undertook to perform. Conceding all the evidence favorable to respondent to be true, and giving to it every

inference in his favor, he cannot recover, because he has not shown his injury resulted from negligence attributable to appellant.

The judgment and order appealed from are reversed, with direction to the trial court to dismiss the action on its merits.

POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.