the bargainors, they afterwards, on the same day, executed a deed conveying to him the lands in question. At the time of the execution of this deed, *James, Daniel, William, Nancy, Polly* and *Betty,* mentioned in the will, were all alive and of full age, and *Nancy* was at that time a *feme covert*, married to one *Gunby*, and afterwards died leaving the following children and heirs at law, to wit. *George, Betty, John* and *Ann. William*, named in the will, died intestate and without issue, before the institution of this suit, and before the death of *Nancy*. The defendant claims title under *Jabez Williss*, by devise. The present suit was brought by one of the heirs of the said trustees. Upon these facts the county court gave judgment for the defendant, and the plaintiff appealed to this court, where the cause was argued before CHASE, Ch. J. and JOHNSON, and DORSEY, J. by

*Bullitt*, for the Appellant, and by
*J. Bayly*, for the Appellee.

JUDGMENT AFFIRMED.

---

## WALLS vs. HEMSLEY, *et al.*

JUNE, (E. S.)

APPEAL from *Queen Anne's* County Court. This was a petition for freedom, preferred by the appellees against the appellant. The general issue was pleaded.

*The reputation of the neighbourhood, that the mother of a petitioner for freedom, is not admissible in evidence. The declarations of a person since dead, but then holding the mother of a petitioner for freedom in slavery, that she was a slave, are not admissible in evidence.*

1. At the trial the petitioners proved by *G. Griffin,* that some time before the surrender of *York Town* to the *American* army, the witness had gone to *James* River, with one captain *J. Sweat*; that he was afterwards transferred to the *Baltimore* Galley, and after the surrender of the *British* he again went on board captain *Sweat's* vessel and went into *York* River. That about two or three weeks after the said surrender, he left *York Town*; that before he left there he had been on shore at *Gosport*, where he had seen negro *Suck*, the mother of *Henny*, one of the petitioners, selling cakes and beer without control; and that he saw her repeatedly afterwards selling cakes and beer at the shore of the river at *York Town*, until the day before captain *Sweat* sailed, when *Suck* was brought on board his vessel by five or six men at about 9 o'clock at night, and purchased by *Sweat*. That another black woman was brought on board captain *Sweat's* vessel by the same persons, who was released and set on shore in consequence of her cries and screams. That *Sweat* had informed *Suck* that he would make her his wife. That *Suck* had said, during her passage to *Maryland*, that she was sorry she had come away, as she was free in *Virginia*, and had a white husband there. On cross examination, the witness was asked if he had heard the story of kidnapping mentioned

1817.

Walls
vs
Hemsley

at any period since he came to *Maryland*, or whether at any time since he had mentioned it? To which he answered, he did not recollect to have mentioned it, but had heard it talked of. The witness also proved, that one *B. Sweat* returned to *Maryland* with captain *Sweat* and himself, and that both captain *Sweat* and *B. Sweat* are dead. The petitioners then proved by *J. Denny*, that he had heretofore resided in the immediate neighbourhood of *W. Sweat*, (who is now dead,) the brother of captain *Sweat*, and with whom negro *Suck* then lived; that he heard a conversation between *Suck* and the mother of the witness, in which *Suck* stated herself to have been free in *Virginia*, and to have been stolen from thence by captain *Sweat*. The witness was then asked by the counsel for the petitioners, if it was the reputation of the neighbourhood that *Suck* was a free woman? To this question the defendant, by his counsel, objected. But the Court, [*Earle*, Ch. J. and *Worrell*, A. J.] overruled the objection, and permitted the witness to answer the question, and to testify as to the reputation of the neighbourhood in relation to *Suck's* freedom. The defendant excepted.

2. The petitioners then proved by the above mentioned witnesses, the declarations of captain *Sweat* as to the freedom of *Suck*. The defendant then proved, that captain *Sweat* had sold *Suck* to *J. Gibson*, deceased; and then proposed to prove, by the declarations of *Gibson*, that *Suck* was a slave. But the petitioners, by their counsel, objected to the testimony; and the court would not permit it to be given. The defendant excepted; and the verdict and judgment being against him, he appealed to this court, where the cause was argued before CHASE, Ch. J. and BUCHANAN, JOHNSON, MARTIN, and DORSEY, J.

*Chambers* and *Harrison*, for the Appellant, cited 1 *Phill. Evid.* 174, 177, 178 *Peake's Evid.* 12; and *The King vs. The Inhabitants of Erith*, 8 *East*, 539.

*Carmichael*, for the Appellee, cited *Peake's Evid.* 10, 14.

THE COURT dissented from the opinion of the county court in the *first* bill of exceptions, but concurred in that in the *second*.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

note 1:

