## 17371. LONDON GUARANTEE AND ACCIDENT CORPORATION *et al. v.* WALLACE.

The evidence in this case being sufficient to sustain the theory that the employee's disability resulted directly and solely from "an accident arising out of and in the course of employment," and not from disease, the court did not err in sustaining the award of the industrial commission.

DECIDED JULY 13, 1926.

Appeal; from Fulton superior court—Judge Humphries. March 22, 1926.

*Bryan & Middlebrooks,* for plaintiff in error.

*St. Clair Gibbs,* contra.

LUKE, J. This was a proceeding under the Georgia workmen's compensation law (Ga. L. 1920, p. 167; 9 Park's Code Supp. 1922, § 3154(a) et seq.). An award by the Industrial Commission in favor of W. M. Wallace, the employee, and against the Atlanta Table Company, the employer, and the London Guarantee & Accident Corporation, the insurer, was, on appeal to the superior court, affirmed, and the defendants excepted.

W. M. Wallace testified, that while trying to turn a heavy flywheel, on December 28, 1924, he "felt something break," and shortly after had a pain like a badly sprained ankle, and could hardly stand up; that his injury grew worse and worse until January 12, 1925, when he "dropped to the ground" and was carried home; that a doctor called in by him said that he had broken or strained some ligaments in his hip; that he had been a very strong man, had lost practically no time from his work during the twenty-five years he had been with the Atlanta Table Company, and had not within his recollection had any doctor attend him for sickness; that his trouble was that he could not get up and down, that his hips hurt, and that it was painful to stoop over or get up, and he had not been back to work since January 12, 1925, and could hardly "hop

---

Workmen's Compensation Acts. C. J. p. 115, n. 37; p. 122, n. 40.

over the house." Dr. Roberts testified, that an examination made by him of Wallace on June 26, 1925, disclosed general stiffness of all muscles of the back, but that "the particular disability seemed to be connected with the left hip, and particularly the left sciatic nerve;" that his diagnosis was "sacroiliac strain and sciatic nerve involvement of the left leg," and that his opinion rendered as the physician of the Industrial Commission was, "claimant possibly disabled from manual labor; the period of disability can not be determined at this time;" that the employee's condition could have been caused by lifting a fly-wheel; that he was "a rheumatic patient" and had the cause of his disability in his system before he was injured; that the disease made him susceptible to the injury; that in all probability he would not have been injured if he had not had the disease, and that "the lift on the fly-wheel was the trigger which precipitated his disability;" that his rheumatic condition might alone have brought about his trouble; that he believed his lifting of the fly-wheel resulted "in the tearing loose of some minute fibres in and about some inactive focus in and about the nerve, and that that was the actual bona fide cause of the beginning of this trouble;" that he would not say that the disease was the cause of the trouble, but that "the disease so prepared the man that a trivial accident made him disabled."

The foregoing is not the testimony of all the witnesses, nor all the testimony of the witnesses mentioned, but is sufficient for the purposes of this decision. The Industrial Commission found that "This employee received an accidental injury arising out of and in course of employment, and has a disability resulting therefrom." There is no question that the injury arose in the course of employment. The evidence supports the findings of fact of the commission, and the controlling question in the case is whether or not the evidence in the record supports the "order or decree complained of." In this regard counsel for plaintiffs in error say that the employee's rheumatic condition at the time he was injured, and not his injury, was the cause of his disability, and that his disease did not result "naturally and unavoidably" from his injury. There was evidence in this case sustaining the theory that the lifting of the fly-wheel was the original and only cause of the employee's disability; and it is not necessary to determine whether or not, within the meaning of the act, his rheumatism resulted "naturally and

unavoidably from the accident." The court did not, for any reason assigned, commit error in sustaining the award of the Industrial Commission.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*