## ATLANTIC COAST SHIPPING COMPANY ET AL. *v.* MICHAEL STASIAK.

[No. 76, October Term, 1929.]

*Decided January 15th, 1930.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and SLOAN, JJ.

*Fendall Marbury,* with whom was *William L. Marbury* on the brief, for the appellant.

*Marion A. Figinski,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

Michael Stasiak, the appellee, a stevedore forty-eight years old, on January 4th, 1929, while working on a pier of the Western Maryland Railway Company, in the employ of the

Atlantic Coast Shipping Company, one of the appellants, developed a hernia, described in the physician's report to the State Industrial Accident Commission as a "large inguinal hernia." He testified: "We were loading tin plate on trucks, and as I was throwing it to my partner, there were two of us, and then I felt a pain * * * then I pressed at the place where I felt the pain and the pain disappeared, and then I continued to work until five." He subsequently underwent an operation which appears to have been successful. The injury did not result from any external force and there is nothing in the record to indicate that there was any unusual strain or any conditions not incident to the work in which he was engaged. On cross-examination he testified that he was doing the ordinary work of a stevedore, that nothing slipped or fell, and that he was doing what all the other stevedores were doing at the time he felt the pain.

He was denied compensation by the commission and took an appeal to the Baltimore City Court, where the following issues were submitted to the jury.

1. Did Michael Stasiak, plaintiff, sustain an accidental injury, on or about the 4th day of January, 1929, while in the employ of the Atlantic Coast Shipping Company, Inc.?

2. Did the said injury result out of and in the course of his employment?

The jury found for the claimant on both issues, and judgment was entered on the verdict. This appeal is from that judgment.

At the conclusion of claimant's testimony the defendants asked for a directed verdict on each issue.

We think there was error in refusing to withdraw the case from the jury on the first issue. The injury was not an accidental injury within the meaning of our Compensation Law.

This case is governed by *Slacum v. Jolley*, 153 Md. 343, and *Miskowiak v. Bethlehem Steel Company*, 156 Md. 690. In each of these cases there were two questions: (1) Whether

death of a workman was caused by heat prostration; (2) If so, was it an accidental injury within the meaning of the Compensation Act. In opinions by Judge Offutt in the former case and by Judge Parke in the latter, where the law was carefully and exhaustively reviewed and analyzed, we held there was no apparent reason why such injuries should not be compensable when the stroke or prostration is caused "by unusual and extraordinary conditions in the employment which cannot be regarded as naturally and ordinarily incident thereto." But in each of those cases we held that the injury was not compensable; that there was no evidence to show that the conditions of the workman's employment were not such as were naturally and ordinarily incident to the employment. In the latter case we found that the deceased workman died of heat stroke or prostration in the course of his employment, but held that it was not an accidental injury within the meaning of the statute. And so in the present case there was no evidence that the injury was caused by any unusual strain or by any condition not incident to claimant's employment.

The cases relied on by appellee are not controlling, as the facts are distinguishable. In *Victory Sparkler Co. v. Francks,* 147 Md. 368, it was argued that the injury complained of was an occupational disease and therefore not within the statute, but we held that it was not an occupational disease, but was due to unusual conditions caused by the negligence of the employer.

In *Standard Gas Equipment Corp. v. Baldwin,* 152 Md. 321, and in *Kauffman Construction Co. v. Griffith,* 154 Md. 55, the principle on which the present decision rests was recognized and approved, but we found there were facts which took those cases out of the principle. *Dickson Construction Co. v. Beasley,* 146 Md. 568; *Southern Can Co. v. Sachs,* 149 Md. 562, and *Todd v. Easton Furniture Co.,* 147 Md. 352, are not in point on the principle herein applied. In view of our own decisions, which we have said were con-

trolling, it is unnecessary to review decisions in other jurisdictions.

As we have held that the case should have been withdrawn from the jury by the granting of defendants A prayer, there is no occasion to deal with the other questions raised by appellant.

*Judgment reversed without a new trial and case remanded, with costs to appellants.*