834

## 20761. WESTBROOK *v.* HIGHVIEW INCORPORATED.

STEPHENS, J. 1. A hernia, to be compensable under the workmen's compensation act, must result from "an injury by accident," arising out of and in the course of the employment. There must be "an injury resulting in hernia." The hernia must have "immediately followed an accident." See section 2 (d, e) workmen's compensation act. Ga. L. 1920, p. 167; Ga. L. 1922, p. 189.

2. An act done by an employee in the ordinary performance of the duties for which he is employed, when done in a manner not unusual or unexpected, but in the manner ordinarily required and expected of him in the performance of his duties, does not constitute an injury by accident; and a hernia resulting to the employee from the performance of such act does not result from an injury by accident. See, in this connection, U. S. Mutual Acc. Asso. *v.* Barry, 131 U. S. 100 (9 Sup. Ct. 755, 33 L. ed. 60) ; *Atlanta Accident Association* v. *Alexander,* 104 *Ga.* 709 (30 S. E. 939, 42 L. R. A. 188) ; *Fulton* v. *Metropolitan Casualty Co.,* 19 *Ga. App.* 127 (91 S. E. 228) ; 1 C. J. 394; 14 R. C. L. 419.

3. Where an employee's duty is to build and construct cabinets and, with the help of another person, put them in position, and where while in thus putting one of the cabinets into position the employee does so in the ordinary manner for the performance of this duty and in a manner not unusual or unexpected in its performance, and does not exert or strain himself in a manner which is unusual or unexpected in the performance of this duty, but in the performance of his duty of sliding the cabinet into place he exerts himself only in the manner ordinarily required and expected of him, and a hernia results, the hernia does not result from an injury by accident. Had the employee, while thus engaged in sliding the cabinet into position, fallen or stumbled, or had the cabinet fallen upon him, or had he sustained any other "mishap not expected or designed" (see 19 A. L. R. 102, 103), and a hernia resulted therefrom, a different question might have been presented.

4. The award of the industrial commission denying compensation was authorized. The superior court did not err in affirming the judgment of the industrial commission.

*Judgment affirmed. Bell, J., concurs, Jenkins, P. J., dissents.*

DECIDED FEBRUARY 28, 1931.

*Burress & Dillard,* for plaintiff.

*H. L. Luttrell,* for defendant.

JENKINS, P. J., dissenting. I am unable to agree with my colleagues on the proposition that an injury to an employee is not compensable under the workmen's compensation act when it is brought about in the ordinary performance of the duties for which he is employed, as done in the usual and ordinary manner required, on the theory that such an occurrence can not constitute an ac-

cident. It has uniformly been held that the workmen's compensation act must be construed liberally in favor of the workman; and in my opinion the term "accident," as there used, is not to be limited in accordance with some of the definitions derived from provisions of accident-insurance policies, but must be taken in its broad and commonly accepted sense. If the employee did something with the purpose and intent of *injuring* himself, it would not be an accident, but the mere fact that an unintended and unexpected injury is brought about by the performance of his duty in the usual manner and method intended by his employment should not be taken to exclude such an injury from the operation of the workmen's compensation act. There is no compensation under that act except for accidents; but the word "accident," as there employed, is used for the purpose of distinguishing the kind of injuries dealt with by the statute from diseases not naturally growing out of injuries arising out of and in the course of employment, and from injuries caused by the wilful act of a third person directed against such an employee for reasons personal to such employee, and from wilful misconduct on the part of the employee. *Horn* v. *Planters Products Co.,* 40 *Ga. App.* 787 (151 S. E. 552). If in point of fact the injury did not naturally arise out of and during the course of the employment, the employer would not be liable under the workmen's compensation statute. The happening of the injury *constitutes* the accident; the work done in the ordinary course of duty may have *occasioned* it. If, as seems to be conceded, the claimant in the present case became immediately and unexpectedly ruptured by reason of pushing a heavy cabinet across the floor, in the ordinary performance of his duty and under circumstances complying with the special provisions of the statute governing compensation for rupture, in my opinion the defendant would be liable. Whatever might be the conflicting lines of decisions in the various jurisdictions, governing the proper construction of accident insurance policies, in which it is generally provided that the injury must be caused from some violent external injury, in my opinion it was clearly intended that the workmen's compensation act should determine in itself what constitutes an accident under its provisions. It seems clear that the provisions of the workmen's compensation law are not intended to limit compensation to such injuries only as might arise from negligence or the act of God, but

such would seem to be the logical result of the majority opinion. In the opinion it is said: "Had the employee, while thus engaged in sliding the cabinet into position, fallen or stumbled, or had the cabinet fallen upon him, or had he sustained any other mishap not expected or designed, and a hernia resulted therefrom, a different question might have been presented." As I see it, there is no difference between an employee intentionally lifting a heavy weight or pushing a heavy cabinet and unexpectedly and unintentionally rupturing himself and his intentionally striking a blow at a nail or a rivet and unintentionally mashing his finger. If the majority rule is correct, workmen engaged in somewhat perilous occupations, such, for instance, as working in factories where their duty is to lift and carry heavy weights, could not receive protection or benefit under the statute should an unintended injury be occasioned by the ordinary performance of such duty, whereas, as I understand the provisions of the statute, it is to be liberally construed so as to provide at least some sort of compensation to injured workmen unless the injury shall have been brought about from some one of the causes excluded as not accidental, which have already been set forth above. This seems to be in line with the weight of authority. For instance, the Supreme Court of Wisconsin, in Bystrom v. Jacobson, 162 Wis. 180 (155 N. W. 919, L. R. A. (1916D), 966), held that a strain of muscles causing incapacity to work, by lifting, in the regular duties of the employment, is, although there is no external evidence of injury, an accident within the meaning of the workmen's compensation act. This decision cites a long list of authorities. See also Puritan Bed Spring Co. v. Wolfe, 68 Ind. App. 330 (120 N. E. 417), and cit.; also authorities cited in L. R. A. (1917E), 504.