# WADDELL GEORGE'S CREEK COAL COMPANY, ETC., ET AL. *v.* OCEA CHISHOLM.

## [No. 50, April Term, 1932.]

*Decided June 23rd, 1932*

50

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Harry J. Green,* with whom was *William Preston Lane, Jr., Attorney General,* on the brief, for the appellants.

*Estel C. Kelley,* with whom was *William A. Huster* on the brief, for the appellee.

Bond, C. J. delivered the opinion of the Court.

The case is one under the Workmen's Compensation Act, Code, art. 101, as amended, and the principal questions raised for consideration on review here are two, one, of the propriety of receiving and considering in the circuit court on appeal hearsay evidence given before the State Industrial Accident Commission on the cause of injury, and the other, of the legal sufficiency of the evidence, with or without the hearsay, to show that there had been an accident causing the injury, arising out of and in the course of the employment and ultimately causing death. The commission disallowed the claim of the widow of the workman, and, on appeal to the circuit court, in which the questions of fact were referred to a jury, that action was reversed. The appeal of the employer and insurer to this court has followed.

Abram Chisholm, husband of the claimant, on April 15th, 1931, while at work in the coal mine of the Waddell George's Creek Company, moving a rock which had dropped in the way of the coal he was to mine, stopped and leaned over against the rock, and, when another workman nearby reached him a few seconds later, complained of a burning, stinging

pain in the region of the groin, received while trying to move the rock. There is evidence that examination disclosed a new hernia, of a nature to require an operation for correction. The operation was performed, and the man shortly afterwards died from an embolism and septic pneumonia; and the operating surgeon testified that this resulted unavoidably from the operation, which, in turn, had been necessitated by the hernia.

Evidence was offered and received by the commission that, after stopping work, Chisholm had stated to several others merely that he had sustained the injury while moving the rock, which is estimated to have weighed about a hundred pounds. But the widow and one companion of the deceased testified that he had stated further that his foot had slipped, or that the rock had slipped, and that the pain had struck him immediately. While the testimony is not so explicit, it seems inferable that these latter witnesses meant to attribute to him an explanation that the rupture came with and from the slipping. There was other testimony that the man had described his trouble only as a sick stomach. The testimony was, as stated, all taken before the commission, and on appeal below the case was reviewed upon the record of the commission's proceedings in accordance with the provisions of the Act of 1931, ch. 406, which confined the court and jury to that record. And the hearsay statements outlined were read to the jury from the record and considered by them, against objection made, and several exceptions to the rulings permitting this.

The question of permitting hearsay to be read to a jury in these cases must now, of course, be decided upon the altered basis resulting from the Act of 1931, ch. 406, confining the review to the commission's record. By the express provision in section 10 of the Workmen's Compensation Act, Code, art. 101, the commission is not bound by the usual common law or statutory rules of evidence, but may make its investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of the act. The record of its

proceedings in any case may therefore contain a report of hearsay evidence properly received and considered by them. *Standard Oil Company v. Mealey,* 147 Md. 249, 255, 127 A. 850. And now the section of the act relating to appeals, or more exactly, "proceedings in the nature of appeals," section 56, as amended and re-enacted by the Act of 1931, ch. 406, places upon the court the duty of determining from the record (in the absence of any stipulation of facts) whether the commission has exceeded its powers, and "whether it has misconstrued the law and facts applicable in the case decided as disclosed by" that record. "If the court shall determine that the Commission has acted within its powers and has correctly construed the law and facts, the decision of the Commission shall be confirmed; otherwise it shall be reversed or modified." And, upon application of the parties, questions of fact may be referred to a jury, but still to be answered from the commission's record. *Thomas v. Pennsylvania R. Co.,* 162 Md. 509, 160 A. 793. It is urged that this specification of function for the court in workmen's compensation proceedings, this confinement to determining from the record whether the commission has misconstrued the law and facts, authorizes no rejection by the court of any of the evidence found in the record. But it has been the long-established view at common law that jury trials require some discrimination and selection in the evidence to be submitted to the jury as the basis for its findings (1 *Wigmore, Evidence* [2nd Ed.], secs. 4, 4a, and 4b), and it seems to us we must suppose the Legislature to have contemplated that, in proceedings with a jury under the Workmen's Compensation Act, too, so far as might be consistent with the special, peculiar nature of those proceedings, and with the other provisions of the act, such customary discrimination and selection should be practised when a jury is resorted to for a decision on the facts.

The proceedings in court must, of course, conform to the special nature of the litigation, and the provisions of the act, and the court could not consistently import all the rules for exclusion of evidence in the more familiar common law

proceedings before it, and reject or disregard any of the commission's evidence which did not conform to those rules. The proceedings at the start are not required to conform to those rules, and, as was observed in *Standard Oil Co. v. Mealey, supra,* application in the courts of a set of tests for the evidence differing from those permitted to the commission would make it impracticable for the commission to work effectively without discarding the provision of the Legislature in section 10, and surrendering the freedom given by it. But still we think that some discrimination is required and intended when a jury is asked to determine the facts, and some hearsay might have to be excluded from their consideration as unworthy of reliance as a basis of adjudication. *Standard Oil Co. v. Mealey, supra.* There is novelty now in discriminating between some hearsay and other hearsay, or any other kind of evidence, all of which is excluded by the strict common law rules, but, of course, it is not an entirely new process. The familiar exceptions to those rules have grown up from similar discriminations. And in the old special proceeding in Maryland on petitions for freedom of slaves, which was one of the most familiar of our civil proceedings prior to 1863, hearsay covering an extraordinary range of facts was commonly received out of necessity and custom, but the courts stopped at receiving such hearsay as neighborhood reputation on the ultimate question in controversy, whether the petitioner was a slave or free. See, for instance, *Shorter v. Boswell,* 2 H. & J. 359; *Walls v. Hemsley,* 4 H. & J. 243; and *Queen v. Hepburn,* 7 Cranch, 290, 3 L. Ed. 348 (Duvall, J., dissenting); *Roberts v. Consumers' Can Co.,* 102 Md. 362, 370, 62 A. 585; *Townshend v. Townshend,* 9 Gill, 506; *Patterson v. Maryland Ins. Co.,* 3 H. & J. 71; *Bowie v. O'Neale,* 5 H. & J. 226, 231.

We see nothing in the hearsay evidence in the present record which would have required its exclusion from the jury. There is little more in it than was given in testimony of eyewitnesses produced before the commission. They testified from their own observation that the man stopped while at work and reclined up against the rock he was handling,

and complained of a hurt, that a new hernia appeared upon examination soon after, and that this hernia indirectly brought about his death. There was some repetition of this testimony in the hearsay evidence, and, because of the repetition, it might be objected that there was no necessity for receiving the facts at second hand, too, but in this case the result seems unimportant. The remaining part of the hearsay, consisting in the reported statements of Chisholm that the rock had slipped as he was moving it, or that his foot slipped, and that the pain of the injury came with that happening, seems to us not to be so unsafe and unreliable as a basis for the adjudication that the jury should not have been permitted to consider it. Here, as in the *Mealey* case, *supra*, the statements repeated referred to a single fact, and a simple occurrence, and would seem to have left little danger of misunderstanding or mistake in reproducing them. There is, of course, danger of falsity in thus reproducing statements, but hardly any greater danger than there is of falsity in the testimony of eyewitnesses.

The legal sufficiency of the evidence to establish the fact of an accident causing the injury is the subject of the second question raised. There was clearly sufficient evidence to support a finding that the injury arose out of and in the course of the work, but a further finding of an accident is required to bring the injury within the class of those compensable under the act. *Slacum v. Jolley*, 153 Md. 343, 138 A. 244; *Miskowiak v. Bethlehem Steel Co.*, 156 Md. 690, 145 A. 199; *Gunther v. Sharp & Dohme*, 159 Md. 438, 151 A. 134; *Cambridge Mfg. Co. v. Johnson*, 160 Md. 248, 153 A. 283. The case of *Atlantic Coast Shipping Co. v. Stasiak*, 158 Md. 349, 148 A. 452, that of a hernia resulting from the lifting of tin plate in the ordinary course of the work, is closely similar to the present one. In that case there was no evidence of unusual strain or other condition or occurrence, and it was held that the evidence had failed to show facts sufficient to bring the injury within the act. As in all the other cases cited last above, the court said, there was a lack of the essential evidence that something had oc-

curred outside of the natural and ordinary incidents of the work, and that therefore the injury was accidental. In the present case there was evidence that the rock was heavy, and that, if a helper had been present, the workman would have had assistance in moving it, but it was not testified that moving it imposed any extraordinary strain on the one man, or that moving so much weight was not a regular incident in the one man's work. The first fellow workman to reach Chisholm at the time moved the stone apparently without difficulty. But in the further testimony that there was a slip, and the attribution of the injury to that slipping, meager as that testimony is in respect to details, there seems to this court to be sufficient to differentiate this case from that of Stasiak, and to provide the evidence of accident necessary to cause the case on the facts to be referred to the jury. The slipping, if it caused the injury, seems to constitute such an unusual happening, coming by chance or without design, and taking place unexpectedly and unintentionally in the course of the work and as a result of it, as would be the mark of an accident within the meaning of the act. *Victory Sparkler Co. v. Francks,* 147 Md. 368, 381, 128 A. 635. And, as has been stated, it seems to us that, in the injured man's statements, as repeated by the witnesses, the jury might find it was meant that the slipping caused the injury. Upon that occurrence, he said, the pain struck him like a knife. It was not stated that the slipping imposed an unusual strain upon him, but some such connecting fact may be inferred if the slipping did cause the injury. And, as this court has concluded, there was sufficient testimony for a jury's finding that it did cause the injury. Prayers of the appellant for direction of a finding by the jury that there was no accident were therefore properly refused.

*Judgment affirmed, with costs.*

OFFUTT and DIGGES, JJ., concur in the result.