21940. AMERICAN MUTUAL LIABILITY INSURANCE CO.
*et al. v.* McCARTY.

DECIDED JULY 12, 1932. REHEARING DENIED AUGUST 31, 1932.

*McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiffs in error.

*Erwin, Erwin & Nix, R. Howard Gordon,* contra.

HOOPER, J. J. N. McCarty filed his claim for compensation with the Industrial Commission, against Piedmont Granite Quarries, employer, and American Mutual Liability Insurance Company, insurance carrier. Judge Max Land, commissioner, denied compensation, and in his ruling said: "There are two main issues involved in this claim. First, as to whether the claimant had an accident which arose out of and in the course of his employment, which resulted in hernia; second, as to whether or not his refusal to accept an operation for the hernia was justifiable or reasonable. The second of the above issues was decided by the commissioner in favor of the claimant, as it appeared from expert medical testimony

that claimant, who was 54 years of age, was suffering also from heart murmur, arterio sclerosis, and diabetes, and his physician advised against a hernia operation." The first of said issues was decided against the claimant, the commissioner, in making said decision, stating: "Applying the law to the facts involved in this claim, I find as a matter of fact and conclude as a matter of law that the claim for hernia has not been sustained, and that it has not been shown by evidence that there was an accident resulting in hernia, or that the hernia immediately followed an accident. I therefore find, from the evidence, that the claimant did not have an accident arising out of and in the course of the employment." The full commission, on appeal, made an award in favor of claimant, which in part stated: "In the opinion of the full commission a strain occurring while an employee is engaged 'in heavy manual labor is in itself an accident." This ruling was appealed to the superior court, where the award was affirmed, and the case was brought before this court on bill of exceptions.

The sole question in this case is whether the claimant suffered from an injury by accident resulting in hernia compensable under the provisions of section 2 (e) of the workmen's compensation act (Ga. L. 1920, p. 167; Ga. L. 1922, pp. 185, 190, Michie's Code, § 3154(2) (e)). The only evidence as to the manner in which the injury was received is contained in claimant's testimony, which in part is as follows: "We done some blasting, . . and some big rock wedged. . . I had a crowbar, heavy crowbar, trying to prize one out where I could get to it with the hammer, and in prizing on it I felt a pain in there on the right side. . . I had the crowbar in a crack between two rocks, and I twisted it and went with it." He testified that his feet did not slip and he did not fall, and that while engaged in this work "he was prizing on this crowbar and just felt something hit him in the groin there." He further testified: "I was on it like this trying to prize it loose. I had tried other ways and failed. . . I did not know whether I wrenched myself, for I was prizing with all the power I had."

Plaintiffs in error deny "that the hernia resulted from injury by accident arising out of and in the course of claimant's employment," and rely largely upon the ruling of this court in the case of *Westbrook* v. *Highview Inc.*, 42 *Ga. App.* 834 (157 S. E. 362); and it seems apparent that the commissioner, in refusing compensa-

tion, based his ruling upon that decision. Counsel for defendant in error, in their exceptionally comprehensive brief, seek to distinguish this case from the *Westbrook* case, and also request a review and an overruling of that decision. It seems clear to us that the facts in the instant case, with all reasonable inferences and deductions therefrom, even under the ruling in the *Westbrook* case, establish an injury by accident under the provisions of the workmen's compensation law. It does not appear in this case, as it appeared in the *Westbrook* case, that the claimant was performing a duty in the ordinary manner and in a manner not unusual or unexpected; nor does it appear in this case, as it appeared in the *Westbrook* case, that the claimant did not "exert or strain himself in a manner unusual or unexpected in the performance of this duty." Therefore the ruling in the *Westbrook* case is not controlling in this case.

While it does not seem that decisions (including that of *Atlanta Accident Insurance Co.* v. *Alexander*, 104 *Ga.* 709, 30 S. E. 939, 42 L. R. A. 188), involving accident insurance policies providing benefits for "bodily injuries effected through external, violent and accidental means" have any controlling application in cases such as this, it might be noted in passing that in that case and cases cited therein accidents were held to have been proved by circumstances no stronger than those appearing in the instant case. While the claimant testified, "I had no accident that I know of," that statement was clearly only his conclusion, without any probative value. The award of the full commission was properly sustained on appeal.

The foregoing constitutes the unanimous opinion of this court in the case at bar, and that which follows embodies only the views of the writer of this opinion. While the facts of this case differentiate it from the *Westbrook* case and therefore it is unnecessary to review or overrule that decision, I agree with the view of Judge Jenkins, as expressed in his dissenting opinion in that case, touching the interpretation of section (e) of the workmen's compensation law. The actual rulings of this court in cases decided both before and after the *Westbrook* case are in accord with that interpretation. Section (d) of the act provides that "injury" and "personal injury" shall mean "an injury by accident, arising out of and in the course of employment, and shall not include a disease,"

etc. The word "accident" is evidently not used in its legal, technical sense, for that would exclude transactions involving negligence (*Fisher Motor Car Co.* v. *Seymour, 9 Ga. App.* 465 (71 S. E. 764) ; 1 C. J. 392, § 5, and cit.), whereas this statute gives compensation in cases involving negligence of the employee. *Carroll* v. *Ætna Life Ins. Co., 39 Ga. App.* 78 (146 S. E. 788), and cit. In my opinion the word "accident" as used in the act means "any unintended and unexpected occurrence which produces hurt or loss" (1 C. J. 395), or "an unlooked-for mishap or untoward event which is not expected or designed." Zapalla v. Industrial Insurance Commission, 82 Wash. 314 (144 Pac. 54; L. R. A. 1916A, 295, 298). The case of *London Guarantee & Accident Cor.* v. *Wallace, 35 Ga. App.* 571 (134 S. E. 334), was decided prior to the *Westbrook* case and involved "an injury by accident" under § 2(d) of this law. In addition to the facts shown in the published reports, I find that the evidence in that record shows that Wallace, a stationary engineer, was attempting to start his engine by turning (or lifting) a flywheel; he only had to turn it 1/32 of an inch. He testified: "Just a little lift would do it. . . I didn't slip in any way, the wheel didn't kick back, I just moved on it the least little bit. I accomplished what I set out to do, just pulled on it. I intended to pull on it. I was standing just like I always had stood, only leaning up against the wheel. Nothing else happened except pulling up on it, and felt something pain me, struck me in the hip. Didn't have to push it but a short distance, and thought I could do it myself, just shake it." This court held Wallace entitled to compensation for an "injury by accident" under § 2(d) of the act. Subsequently to the *Wallace* case, this court held, in *Royal Insurance Co.* v. *Land, 45 Ga. App.* 293 (164 S. E. 492), that an employee receiving an injury from strain while engaged in the course of his employment in moving books weighing 75 pounds was entitled to compensation as for an injury by an accident. In the case of *Commercial Casualty Ins. Co.* v. *Crosby, 44 Ga. App.* 788 (162 S. E. 922), this court held that there was an accident causing hernia. The evidence in the record in that case shows that Crosby, the claimant, in the performance of his ordinary duties was lifting a boat to put it in the water; he felt something "tear loose," and hernia immediately followed. In the motion for a rehearing in that case (which was denied) plaintiff in error expressly relied

on the *Westbrook* case as authority for the contention that there was no injury by accident. In none of the cases just referred to was there any slipping, falling, or other such "accident" as the *Westbrook* case refers to, nor was there unusual exertion on the part of the claimant. It is true that the cases just cited arose under § 2(d) and not under § 2(e), which covers hernia cases only. However, the repetition in section 2(e) of the word "accident" in the phrases "injury by accident" and "immediately followed by an accident" does not enlarge, restrict, or change the meaning of the same word as used in the preceding section 2(d) and as heretofore construed by this court in the above-cited cases.

Counsel for plaintiff in error call attention to the fact that hernia may result from various enumerated causes, both accidental and otherwise, and medical testimony in this record bears out that fact. I think the five requirements in section 2(e) were incorporated in the act largely to exclude all kinds of hernia except those arising from "injury" and "personal injury" as defined in section 2(d). This act in view of its beneficent purpose and remedial character, should be construed, where judicial interpretation is necessary, so as to effect its general purpose. *Austin Bridge Co.* v. *Whitmire*, 31 *Ga. App.* 560 (121 S. E. 345).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

ON MOTION FOR REHEARING.

HOOPER, J. In a motion for a rehearing counsel for plaintiff in error state that "this case was contested for the purpose of securing a ruling on whether a strain occurring during the regular work which produced a hernia was compensable." It is pointed out that the full commission in its award stated as follows: "In the opinion of the full commission a strain occurring while an employee is engaged in heavy manual labor is in itself· an accident;" and we are requested to decide that abstract question of law or to certify it to the Supreme Court so that any conflict which might exist between the ruling in this case and the ruling in the *Westbrook* case by the other division of this court might be removed. We are conscious of the fact that it is desirable to have the foregoing question decided uniformly by both divisions of this court, in order to prevent confusion and uncertainty; but the case at bar does not afford an opportunity for so doing. The testimony upon which the full commission based its award was undisputed, and authorized the

finding in favor of the claimant. The award of the full commission, following the portion above quoted, continued as follows: "Under the stress of heavy manual labor the employee may easily, without knowledge on his part, place himself in such an awkward position that a heavy strain will produce a hernia. Such an injury frequently occurs in that manner. The full commission is of the opinion that *the strain in this case was an accident* within the meaning of the workmen's compensation act, *and so finds.*" (Italics ours.) The full commission intimates, and we rule, that the "awkward position" under the record in this case was brought about in an accidental manner, and was apparently the cause of the strain which produced the hernia. Had there been any material conflict in the testimony before the commission, we would (as counsel for plaintiff in error request) have to look solely to the findings of fact by the commission upon such disputed questions; but where the evidence before the industrial commission is undisputed, a different rule obtains, and we "will consider the evidence as if it were the findings of fact." See Prouse v. Industrial Commission, 69 Colo. 382 (194 Pac. 625), cited with approval in *Southeastern Express Co.* v. *Edmondson*, 30 *Ga. App.* 697, 700 (119 S. E. 39).

The opinion in this case, as originally written, has been changed in some respects since the motion for a rehearing was filed.

*Rehearing denied. Broyles, C. J., and Luke, J., concur.*