## INDUST COMM v KING

Ohio Appeals, 2nd Dist, Franklin Co

No 2271. Decided March 16, 1933

Donald J. Hoskins, Prosecuting Attorney, Columbus, and J. E. Bowman, Asst. Prosecuting Attorney, Columbus, for plaintiff in error.

Cowan, Adams & Adams, Columbus, and Harold F. Adams, Columbus, for defendant in error.

HORNBECK, J.

The plaintiff in error asserts two grounds of error in the brief:

First: That George King did not sustain an injury which arose out of or was caused by his employment.

Second: That the injury sustained by George King was not accidental in nature as defined under the Workmen's Compensation Law.

It will be observed from the testimony quoted, which is typical of all that is found in the record, that it was not unusual for the rupture to come down as it did on the day when the injury complained of occurred. The coming down on this day was more severe and defendant was unable to reduce the rupture, with the result that strangulation ensued. Although it appears that the defendant suddenly became ill, there is no showing whatever that this illness was preceded or accompanied by any sudden or unusual exertion or different activity than was commonly followed by the defendant in carrying on the duties incident to his employment. Mr. King says, "I was working along as usual." In other words, there is nothing to show that an accident within the acceptation of the term under the Workmen's Compensation Law, occurred. Nor does it appear that the same condition may not have resulted had Mr. King been engaged elsewhere. §34 Adams, Workmen's Compensation Law of Ohio. **Industrial Commission v Roth, 98 Oh St 34; Industrial Commission v Burckard, 112 Oh St, 372.**

Any doubt about the correctness of our conclusion in this case is dispelled by a decision of the Supreme Court released since the instant case was submitted, of date March 1st, 1933, Industrial Commission of Ohio v Mary Franken. In the Franken case it was testified and undisputed that Franken, while lifting two dies weighing 150 pounds each by means of a pulley, upon pulling down upon a fly wheel, suddenly felt distress in his chest "like he was tearing loose." The doctors testified that his

death was caused by acute dilatation of the heart which could not have come on by any gradual weakening of the heart. His attack, in conjunction with the pulling down of the fly wheel was sudden, unexpected, acute, resulting in excruciating pain through the chest, which continued for hours and from the effects of which he was not at any time free until he died.

The record further disclosed that the condition of Mr. Franken's health up to the time of the occurrence above narrated was good. The doctors said in answer to the hypothetical question that it was but a natural inference that some unusual strain was placed upon his heart at the time that he was compelled to leave his work, and that this resulted in his death. Upon this record the Supreme Court said, through Judge Matthias, that as a matter of law Mr. Franken did not suffer an accidental injury as contemplated by the decided cases in that court. Therefore, upon the authority of the Franken case, supra, we are required to say that as a matter of law the defendant in error did not establish proof of an injury accidentally sustained arising out of and caused by his employment. The judgment of the trial court will, therefore, be reversed and final judgment entered for plaintiff in error.

KUNKLE and BARNES, JJ, concur.