## 23600. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al. v.* SAVAGE.

DECIDED APRIL 6, 1934.

*McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiff in error.

*Henderson L. Lanham,* contra.

GUERRY, J. ■ The claimant was injured while lifting the carcass of a slaughtered calf to hang it upon certain hooks in the butcher-shop where he was employed. Claimant testified: "I lifted the calf in the usual way. I had to hold it for a few moments while Lewis fastened the hind feet on the hook. I did not slip or

fall. The calf slipped in my hands when I was about to give out. I did not stumble. I was not struck in any way." He further testified: "I had to raise the carcass up above my head and hook it on the scale. . . I was lifting the calf up and this other boy was trying to hook it. . . I was getting weak and I asked him to hurry up and he kept fumbling with it and this other boy come in, and I hollowed for him to come back and grab it." There was sufficient evidence to support the award that the strain caused by the lifting caused the condition of the claimant. In the case of *Brown* v. *Lumbermen's Mutual Casualty Co.,* 49 *Ga. App.* 99. (174 S. E. 359), it is held that an injury by accident is an injury which is sudden, unexpected and undesigned and which arises out of and in the course of the employment. In the case of *Simmons* v. *Etowah Monument Co.,* 42 *Ga. App.* 633 (157 S. E. 260), the facts show that the disease contracted was not sudden and unexpected, but was an injury that might necessarily be expected from the character of the employment and one which developed slowly and one which might be foreseen and expected unless guarded against.

The evidence of the doctors is that claimant is suffering from rheumatism, endocarditis, and has two of the principal valves in his heart involved and a rather irritable heart, with blood pressure, which indicates a regurgitation of the aortic area, and is not now able to perform manual labor; that he is of the type of individual to be educated to carry on some kind of office work; that any attempt on claimant's part to perform manual labor would now be a question of more involvement of his heart. It is shown by the testimony of the claimant that he has attempted to do work that he is fitted to do, and that he was, from his condition, unable to do so. No evidence is in the record to show that the employer or insurance carrier has offered him work which in his condition he is able to perform and that he has refused it. We can not say that there was not some evidence which authorized a finding by the commission that claimant was totally incapacitated for work. It was testified, however, that claimant had done some work between the time of his injury and the hearing; and direction is given that the award be amended, taking into consideration the work performed.

*Judgment affirmed, with direction. Broyles, C. J., and MacIntyre, J., concur.*