INDUSTRIAL COMMISSION OF OHIO *v.* KRIEGER ET AL.

(Decided May 27, 1935.)

*Mr. Frank E. Calkins,* for plaintiff in error.
*Messrs. Yager, Bebout & Stecher,* for defendants in error.

OVERMYER, J.   For some years prior to April 14, 1931, Ernest M. Krieger was an employee of The Jennison-Wright Company of Toledo, Ohio, and his widow, daughter and grandchildren, plaintiffs below, claim that on that date he suffered an accidental injury in the course of and arising out of his employment, which proximately caused his death. Claim was made before the Industrial Commission, and on hearing and rehearing the claim was denied; but on appeal to the Common Pleas Court a verdict and judgment resulted in favor of the claimants. From that judgment, error is prosecuted to this court by the Industrial Commission.

The petition alleged that ''on said April 14, 1931,

while decedent was engaged in the course and scope of his employment, said Ernest M. Krieger, along with a fellow employe, lifted a heavy keg of rivets from the blacksmith's forge to the floor and in doing so said Ernest M. Krieger severely strained the muscles and tendons surrounding an existing hernia on his right side, and that because of said severe and unusual strain in lifting said keg of rivets as aforesaid, said existing hernia was caused to become strangulated; that said Ernest M. Krieger was removed to his home and then removed to the hospital, and was operated on for said strangulated hernia on the 15th day of April, 1931, when he died.''

The errors urged upon this court are that the evidence does not show that Krieger suffered an injury within the meaning of the Workmen's Compensation Law, that is, that the strangulated hernia was not proven to have been accidental in its origin and cause; that there was error in permitting answers by medical witnesses to certain hypothetical questions; and that there was error in not sustaining the commission's motion for a directed verdict.

Krieger's duties in and about the plant of his employer were to keep in repair a small, narrow-gauge railroad laid between the shops of the company's properties; and, when not thus engaged, to help the company blacksmith ''when needed.'' On the date alleged he was helping the blacksmith handle a keg, but what, if anything, the keg contained, or whether it was heavy, and, if so, how heavy, the record does not disclose except by inference. Krieger died the next day and his testimony was not secured, and the blacksmith having since died his testimony is not in the record.

It is not disputed that claimant had a hernia on the right side for years, and wore a truss for years, and the claim made, of course, is that by accidental injury this hernia was strangulated.

A fellow employee of Krieger testified that early on the morning in question he stopped at the door of the blacksmith's shop and saw Krieger and the blacksmith "lifting a keg down," that it "looked as though they lifted it off the floor—it was in their hands when I seen it." He testified that they were near the forge, that they set the keg on the floor, and that he heard Krieger make a noise and hold his side at the time, "kind of grunted and held his side, the right side." Some minutes later, according to this witness, Krieger passed the filing room window where the witness was working and was still holding his side, and Krieger then entered the filing room, walking sideways and holding his right side. The evidence of other witnesses is that Krieger complained of being very sick, was taken to his home at once, and a physician called, who testified he found a hernia which had become strangulated, but gave no treatment. Later in the day the family physician came and was told the hernia had been reduced, and he therefore made no examination, and before daylight the next morning Krieger was taken to a hospital, where he died that day during or immediately following an operation for strangulated hernia.

Other witnesses testified to the events of the morning of April 14th, and said that Krieger just before being taken home was bent over and appeared to be in pain; and the employee who took him home said he walked in a bent-over position. The cause of death was given by the surgeon who operated as "intestinal obstruction and subsequent cardiac dilatation," and he testified that a strangulated hernia stops peristalsis of the intestinal tract, producing intestinal obstruction and cardiac dilatation. He testified that a hernia may become strangulated following trauma, infection, or some intra-abdominal condition. He was asked

whether he used the word "trauma" to cover "effort and strain" and he answered "Yes, in injury." The family physician also testified that a strangulated hernia may be caused by lifting.

There is no direct evidence regarding the contents or weight of the keg, it is true, but there is evidence that claimant had worked regularly for some years, losing only two and one-half days in the year previous to April 14, 1931, and that on that date, while lifting a keg in the blacksmith shop—from which an inference may properly be drawn that it required two men to handle, because two men did handle it—something occurred which caused him to groan and hold his right side, become ill, walk in a bent-over position, and ask to be taken home, where a physician was called and found a hernia which had become strangulated, and the next day the man was dead. There was therefore sufficient evidence to carry the case to the jury on the question as to whether Krieger suffered an accidental injury in the course of his employment, and arising out of his employment, which proximately caused his death, and the verdict is not contrary to the manifest weight of the evidence.

The facts of this case easily distinguish it from the case of *Industrial Commission* v. *King,* 45 Ohio App., 425, 187 N. E., 253, the only case cited in the brief of the commission on the claimed error that the evidence did not show an accidental injury, and that the duties he was performing on this particular occasion were among the regular duties of his employment.

Complaint was made of certain hypothetical questions which the court permitted to be answered by several medical witnesses, over objections of the commission. While we can not approve the form of the questions, we feel that in view of the other evidence in the record these questions and answers do not constitute prejudicial error.

Finding no prejudicial error in the record, the judgment of the Common Pleas Court will be affirmed.

*Judgment affirmed.*

LLOYD and CARPENTER, JJ., concur.