## 29112. ROYAL INDEMNITY COMPANY et al. v. BECKMANN.

Decided December 5, 1941. Rehearing denied December 15, 1941.

374

*Conneral & Hunter,* for plaintiffs in error.

*John M. Brennan,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) "In all claims for compensation for hernia resulting from injury by accident arising out of and in the course of the employee's employment it must be definitely proved to the satisfaction of the Department of Industrial Relations: First, that there was an injury resulting in hernia; second, that the hernia appeared suddenly; third, that it was accompanied by pain; fourth, that the hernia immediately followed an accident; fifth, that the hernia did not exist prior to the accident for which compensation is claimed. All hernia, inguinal, femoral, or otherwise, so proven to be the result of an injury by accident arising out of and in the course of the employment, shall be treated in a surgical manner by radical operation." Code, § 114-412. The only claim here is for the cost of the operation and attendant expenses. The evidence was insufficient to establish when or how the alleged hernia arose, and was therefore insufficient to show that the hernia appeared suddenly, or that it immediately followed an accident, assuming that there had been an accident. For these reasons the award of the director finding for the claimant, which was directly appealed from to the superior court, was unauthorized, and the judge erred in not sustaining the appeal of the employer and the insurance carrier.

The following represents my individual views: I am of the opinion that the evidence was sufficient to authorize the finding that whatever injury the claimant may have received, whether it were a hernia or not, was accompanied by pain in the sense of the requirement of the statute. While there are some inferences from his testimony that he did not suffer pain, it clearly appears that he was physically sensitive to some disorder in his body resulting immediately after he had lifted the barrel, which caused a discomfort. I am of the opinion that any feeling of discomfort or disorder in the region affected comes within the definition of "pain" in the sense of the statute. I am of the opinion that "pain" is used in the sense of there being some discomfort or disorder in the body of which the claimant is conscious, and which indicates to him that he has been injured.

A hernia resulting to an employee from an act done in the ordinary performance of his duties, and done in a manner not unusual or unexpected, is not an injury by accident. "Where an employee's duty is to build and construct cabinets and, with the help of another person, put them in position, and where while in thus putting one of the cabinets into position the employee does so in the ordinary manner for the performance of this duty and in a manner not unusual or unexpected in its performance, and does not exert or strain himself in a manner which is unusual or unexpected in the performance of this duty, but in the performance of his duty of sliding the cabinet into place he exerts himself only in the manner ordinarily required and expected of him, and a hernia results, the hernia does not result from an injury by accident. Had the employee, while thus engaged in sliding the cabinet into position, fallen or stumbled, or had the cabinet fallen upon him, or had he sustained any other 'mishap not expected or designed' (see 19 A. L. R. 102, 103), and a hernia resulted therefrom, a different question might have been presented." *Westbrook* v. *Highview Inc.*, 42 *Ga. App.* 834 (157 S. E. 362). In Atlantic Coast Shipping Co. *v.* Stasiak, 158 Md. 349 (148 Atl. 452), it was held as follows: "Where a stevedore as claimant in proceedings for compensation because of hernia testified that he was doing ordinary work of stevedore, that nothing slipped or fell, and that he was doing what all other stevedores were doing at time he felt pain, and there was no evidence that injury was caused by any unusual strain or by any condition not an incident

to claimant's employment, injury was not an accidental injury within meaning of Compensation Law." In Tackles *v.* Bryant & Detwiler Co., 200 Mich. 350 (167 N. W. 36), it was held as follows: "Where a servant sustained an inguinal hernia while lifting a block of timber weighing about 200 pounds, without slipping or falling or being struck by the timber, nothing out of the ordinary happening, it being his duty to lift such timbers and having lifted them before, the injury was not 'accidental' within the meaning of the workmen's compensation act." In Kutschmar *v.* Briggs Mfg. Co., 197 Mich. 146 (163 N. W. 933), it was held as follows: "Under the Michigan workmen's compensation act (Pub. Acts 1912 [Ex. Sess.] No. 10), providing for compensation for accident and injury to or death of employes, no compensation can be recovered except for accidental injuries, and hence a workman who ruptured himself while lifting an iron bar in his usual manner is not entitled to compensation." In Industrial Commission *v.* King, 45 Ohio App. 425 (187 N. E. 253), it was held as follows: "Evidence that molder, suffering from inguinal hernia, while working in usual manner sustained strangulated hernia, *held* as matter of law not to show 'accidental injury arising out of and caused by employment.'"

While it appears from the evidence that the claimant, together with another person, lifted a 300-pound drum or barrel of oil, and as the claimant started to lift the barrel he felt a pain in his side, and, after lifting the barrel he dropped it, it appears that the claimant only lifted the barrel and afterwards put it down on feeling pain. It does not appear that the claimant in lifting the barrel did so in a manner other than in the ordinary, usual, and expected manner in the performance of the duty of lifting the barrel, or that he exerted or strained himself in a manner unusual or unexpected in the performance of this duty. The mere straining in lifting the drum or barrel in the ordinary manner required for its lifting, if such strain causes a hernia, is not an accident in the sense of its meaning in the compensation act causing an injury resulting in hernia. If the claimant sustained the hernia as the result of the lifting of the barrel it does not appear that it resulted from an injury by accident.

In *American Mutual Liability Ins. Co. v. McCarty,* 45 *Ga. App.* 483 (165 S. E. 291), in which it was held that a hernia resulting from an injury received when moving an object with a crowbar, it

appeared from the evidence that while using the crowbar, the claimant voluntarily twisted it, and "went with it," and that while "he was prizing on this crowbar," he "just felt something hit him in the groin." In that case the court distinguished the *Westbrook* case by saying: "It does not appear in this case, as it appeared in the *Westbrook* case, that the claimant was performing a duty in the ordinary manner and in a manner not unusual or unexpected; nor does it appear in this case, as it appeared in the *Westbrook* case, that the claimant did not 'exert or strain himself in a manner unusual or unexpected in the performance of this duty.'"

I am of the opinion that the evidence was insufficient to authorize a finding by the director that the claimant sustained a hernia resulting from an injury caused by accident.

*Judgment reversed. Sutton, J., concurs specially. Felton, J., dissents.*

SUTTON, J., concurring specially. On an application of the provisions of the statute (Code, § 114-412) to the evidence in this case, it does not appear that the hernia *appeared suddenly*, or that the hernia *immediately followed an accident*. This must be shown before the claimant would be entitled to an award for surgical treatment by radical operation under the Code section just mentioned. I concur in the judgment of reversal for this reason, and not on the ground that the claimant's injury was not an accidental injury within the meaning of the workmen's compensation act. *American Mutual Liability Insurance Co.* v. *McCarty*, 45 *Ga. App.* 483, supra; *Brown* v. *Lumbermen's Mutual Casualty Co.*, 49 *Ga. App.* 99 (174 S. E. 359); *American Mutual Liability Insurance Co.* v. *Savage*, 49 *Ga. App.* 106 (174 S. E. 363); *Reid* v. *Lummus Cotton Gin Co.*, 58 *Ga. App.* 184 (197 S. E. 904).